1  Jeffrey W. Shields, Bar No. 109920
   Rick A. Varner, Bar No. 160403
2  M. Adam Tate, Bar No. 280017
   SHIELDS LAW OFFICES
3  1920 Main Street, Suite 1080
   Irvine, California 92614
4  (949) 724-7900; Fax (949) 724-7905
   E-mail: jeff@shieldslawoffices.com
5
6  Attorneys For Applicant
   Kenichi Machida
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10
   In re Application of KENICHI          Case No. _____
11 MACHIDA (AS TRUSTEE IN
   BANKRUPTCY OF SHINGI NISHIDA),        EX PARTE APPLICATION FOR AN
12                                        ORDER PURSUANT TO 28 U.S.C.
            Applicant.                    § 1782 TO OBTAIN DISCOVERY FOR
13                                        USE IN A FOREIGN PROCEEDING

14

15

16

17

18        Applicant KENICHI MACHIDA ("Applicant"), an individual

19 and citizen of Japan, and Bankruptcy Trustee in the pending

20 Japanese bankruptcy proceedings described below, respectfully

21 petitions this Court for an order pursuant to 28 U.S.C. § 1782, and

22 Rules 26 and 34 of the Federal Rules of Civil Procedure, compelling

23 Union Bank of California, First Republic Bank, JP Morgan Chase

24 Bank, N.A., Comerica Bank, U.S. Bank, Wells Fargo Bank, Bank of

25 America, N.A., and National Bank of California (collectively, the

26 "Banks"), which are financial institutions located in and

27 conducting business within this Judicial District, to produce

28 discovery for use in the Japanese bankruptcy proceedings.

25639

# TABLE OF CONTENTS

I.      INTRODUCTION.......................................... 2

II.     BACKGROUND........................................... 2

        A.   Fraud And Illegal Transfers From Japan To
             The United States.............................. 2

        B.   Conspirators................................... 2

        C.   False Names.................................... 3

        D.   False Corporate Names.......................... 4

        E.   Bank Accounts.................................. 4

        F.   Bank Florida § 1782 Proceeding................. 7

III.    DISCOVERY REQUIRED................................... 7

IV.     RELIEF REQUESTED.................................... 13

V.      ARGUMENT............................................ 14

        A.   Authority To Order Discovery................... 14

        B.   Applicant's Application Satifies
             Section 1782's Statutory Requirements.......... 17

        C.   The Court Should Exercise Its Discretion
             To Grant Applicant The Discovery Sought....... 18

VI.     THE COURT SHOULD GRANT THIS APPLICATION EX PARTE... 21

VII.    THE BANKS SHOULD PRESERVE RELEVANT EVIDENCE........ 21

VIII.   CONCLUSION.......................................... 22

# TABLE OF AUTHORITIES

**Cases**                                                    **Page(s)**

Brandi-Dohrn v. IKB Deutsche Industriebank AG
    673 F.3d 76 (2d Cir. 2012) ............................ 19

Euromepa, S.A. v. R. Esmerian, Inc.
    51 F.3d 1095 (2d Cir. 1995) ..................... 15,16,20

In re Aldunate
    3 F.3d 54 (2d Cir. 1993) .............................. 17

In re Application of Consorcio Ecuatoriano
de Telecommunicaciones S.A.
    685 F.3d 987 (11th Cir. 2012) .......................... 6

In re Application of Geminshcaftspraxis Dr. Med.
    Schottodorf
    2006 U.S. Dist. LEXIS 94161 (S.D.N.Y. 2006) ........... 20

In re Clerici
    481 F.3d 1324 (11th Cir. 2007) ................. 16,21,22

In re Esses
    101 F.3d 873 (2d Cir. 1996) ........................... 21

In re Inversionesy Gasolinera Petroles Valenzuela
    2011 U.S. Dist. LEXIS 5201 (S.D. Fla. Jan 19, 2011) .... 17

In re Malev Hungarian Airlines
    964 F.2d 97, 100 (2d Cir. 1992) ....................... 16

In re Trinidad and Tobago
    848 F.2d 1151 (11th Cir. 1988) ........................ 21

Intel Corp. v. Advanced Micro Devices, Inc.
    542 U.S. 241 (2004) ....................... 15,16,18,19,21

Lancaster Factoring Co. v. Mangone
    90 F.3d 38 (2d Cir. 1996) ............................. 18

Lo Ka Chun v. Lo To
    858 F.2d 1564 (11th Cir. 1988) ........................ 15

London v. Does
    279 Fed. Appx. 513 (9th Cir. 2008) .................... 21

Marubeni America Corp. v. LBA Y.K.
    335 Fed. Appx. 95 (2d Cir. 2009) ................... 14,20

Schmitz v. Bernstein Liebhard & Lifshitz, LLP

376 F.3d 79, (2D Cir. 2004) ........................... 18

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**

Siemens v. Wstern Digital Corp.
 2013 U.S. Dist. LEXIS 159266 (C.D. Cal. Nov. 4 2013)... 21

Telecton, Inc. v. Overhead Door Corp.
 116 F.R.D. 107 (S.D. Fla. 1987) ...................... 21

United Kingdom v. United States
 238 F.3d 1312 (11th Cir. 2001) ...................... 16

**Statutes**

28 U.S.C. § 1782 ................................ 14,15,18

1

## I.   INTRODUCTION

2     Applicant is a Bankruptcy Trustee in a bankruptcy
3  proceeding, Case No. 134 of 2014, currently pending in the 20th
4  Civil Division of the Tokyo District Court in Japan (the "Japanese
5  Court") in respect of debtor Shingi Nishida, also known as
6  Nobuyoshi Nishida ("Nishida") (the "Foreign Proceeding").  Attached
7  to the accompanying Declaration of Kenichi Machida ("Machida
8  Decl.") as Exhibit A thereto is the Court Order by which the
9  Japanese Court commenced the bankruptcy proceedings in respect of
10 Nishida.  Attached thereto as Exhibit B are provisions of the
11 Bankruptcy Act of Japan relating to the Bankruptcy Trustee.
12 (Machida Decl., ¶ 1.)

13

## II.   BACKGROUND

14     A.   Fraud And Illegal Transfers From Japan To The United
15          States

16     Debtor Nishida, in conspiracy with other individuals,
17 illegally defrauded various financial institutions and obtained
18 their money by asking for loans ostensibly to cover the payment of
19 various debts by corporate entities owned or controlled by Nishida.
20 Then, Nishida and such conspirators transferred the funds thus
21 obtained to various bank accounts in the United States, including
22 accounts in the Banks within this District. (Machida Decl., ¶ 2.)

23     Upon information and belief, the corporate entities were
24 insolvent at the time of the funds transfer – or were sham entities
25 without substantive business or assets and no employees at the
26 time. (Machida Decl., ¶ 3.)

27     B.   Conspirators

28     The companies owned or controlled by Nishida include Toyo

25639                                   2

1  Valcom Ltd. ("Toyo Valcom"), Netjet Japan Limited ("Netjet"),
2  Western Jet Corp. ("Western Jet") and Tyrell Technodyne Ltd.
3  ("Tyrell Technodyne").  These entities also have entered bankruptcy
4  proceedings, and Applicant has been appointed as the Bankruptcy
5  Trustee in these cases as well.  Attached to the Machida Decl. as
6  Exhibits C through F, inclusive, are the Court Orders by which the
7  Japanese Court commenced bankruptcy proceedings in respect of these
8  entities. (Machida Decl., ¶ 4.)

9         Nishida's individual conspirators include Tomoko Fukuda
10 ("Fukuda"), Hiroyuki Ishida ("Ishida") and Glasser William Stephen
11 ("Stephen"; and together with Toyo Valcom, Netjet, Western Jet,
12 Tyrell Technodyne, Fukuda and Ishida, collectively referred to as
13 the "Conspirators").  These individuals also have entered
14 bankruptcy proceedings, and Applicant has been appointed the
15 Bankruptcy Trustee in these cases too.  Attached to the Machida
16 Decl. as Exhibits G through I, inclusive, are the Court Orders by
17 which the Japanese Court decided to commence bankruptcy proceedings
18 in respect of these individuals. (Machida Decl., ¶ 5.)

19        C.   False Names

20        Upon information and belief, in the course of the
21 conspiracy, Nishida has identified himself under various assumed
22 names, which include "Toshio Okada," "Toru Owada," "Yoshihiro
23 Ishida," and "Kunihiro Asada."  Fukuda also has identified herself
24 as "Tomoko Yamaguchi." ("Tomoko Yamaguchi" is Fukuda's maiden name
25 which she appears to be using again now.)  Ishida has identified
26 himself falsely as "Koichi Uchida," "Kentaro Hishida," and
27 "Yuichiro Tamura."  Stephen has identified himself falsely as
28 "William Glasser." (All of the foregoing names shall be referred to

25639                                3

1    as the "False Names.") (Machida Decl., ¶'s 6-9.)

2              D.    False Corporate Names

3              Toyo Valcom also has been identified under different

4    names, which include "Toyo Diplomat" and "Singy International."

5    Netjet also has been identified under different false names,

6    "Gilmore Trust Limited" and "Beauty Salon Kei." (All of the

7    foregoing names shall be referred to as the "Alternative Corporate

8    Names.") (Machida Decl., ¶'s 10-11.)

9              E.    Bank Accounts

10             Upon information and belief, Nishida and the Conspirators

11   transferred money fraudulently obtained to various bank accounts in

12   the United States in this District in the names of alter ego

13   companies owned and controlled by Nishida or in the names of

14   entities otherwise related or transacted with Nishida.  This

15   includes the following bank accounts:

16             (1)  Account number 3000154864 in the name of Sergio

17                  Longoni S.A. at Union Bank of California located at

18                  12185 Ventura Blvd, Studio City, California 91604;

19             (2)  Account number 80000028390 in the name of Sergio

20                  Longoni S.A. at First Republic Bank at 12070 Ventura

21                  Boulevard, Studio City, California 91604;

22             (3)  Account number 0973244892 in the name of Almaganni

23                  or Interior Almaganni at JP Morgan Chase Bank, N.A.

24                  located at Sepulveda and Mariposa 550 N. Sepulveda

25                  Blvd, El Segundo, California 90245;

26             (4)  Account number 1892854348 in the name of Taymobile

27                  S.A. at Comerica Bank located at 12050 Ventura Blvd,

28                  Suite A-105, Studio City, CA 91604 (also transacted

25639                          4

| | | |
|---|---|---|
| 1 | | business through MC 4544 P.O.BOX 512828 LOS ANGELES, |
| 2 | | CA 90051-0818, and at 2 Embarcadero Center, 3rd |
| 3 | | Floor, San Francisco, CA 94111); |
| 4 | (5) | Account number 80000028382 in the name of Taymobile |
| 5 | | S.A. at First Republic Bank located at 12070 Ventura |
| 6 | | Boulevard, Studio City, California 91604; |
| 7 | (6) | Account number 80000028374 in the name of Euromark |
| 8 | | S.L at First Republic Bank located at 12070 Ventura |
| 9 | | Boulevard, Studio City, California 91604; |
| 10 | (7) | Account number 154930368894 in the name of Weiman at |
| 11 | | U.S. Bank located at 14475 Ventura Blvd, Sherman |
| 12 | | Oaks, California 91423; |
| 13 | (8) | Account number 0828691469 in the name of Solmet |
| 14 | | S.P.A at Wells Fargo Bank located at 2444 Wilshire |
| 15 | | Blvd, Santa Monica, California 90403; |
| 16 | (9) | Account number 164301049247 in the name of Solmet |
| 17 | | SPA at U.S. Bank located at 2232 Santa Monica Blvd, |
| 18 | | Santa Monica, California 90404; |
| 19 | (10) | Account number 0245321743 in the name of Solarman at |
| 20 | | Bank of America, N.A. located at 460 N Beverly Dr, |
| 21 | | Beverly Hills, California 90210; |
| 22 | (11) | Account number 003215717 in the name of Tyron |
| 23 | | Chemical at National Bank of California located at |
| 24 | | 14724 Ventura Blvd, Sherman Oaks, Suite 100, |
| 25 | | California 91403; |
| 26 | (12) | Account number 003215709 in the name of Allied |
| 27 | | Centuries at National Bank of California located at |
| 28 | | 14724 Ventura Blvd, Sherman Oaks, Suite 100, |

25639                                5

1   California 91403;

2   (13) Account number 003215725 in the name of Platinus

3   Import at National Bank of California located at

4   14724 Ventura Blvd, Sherman Oaks, Suite 100,

5   California 91403; and

6   (14) Account number 003215709 in the name of AC Transfer

7   Services LLC at National Bank of California located

8   at 14724 Ventura Blvd, Sherman Oaks, Suite 100,

9   California 91403 (collectively, the "California

10   Accounts"). (Machida Decl., ¶ 12.)

11   For example, from February 2009 through July 2010, Toyo

12   Valcom made at least sixty transfers to the California Accounts

13   totaling 758,765,810 Japanese yen (6,326,208.21 USD calculated at

14   the exchange rate as of October 8, 2015 at 119.94 JPY/USD).  In

15   addition, from October 2006 through May 2011, Netjet made sixty-

16   three transfers to the California Accounts totaling 968,093,805 JPY

17   (8,071,479.98 USD calculated at the exchange rate as of October 8,

18   2015 at 119.94 JPY/USD).  Attached to the Machida Decl. as Exhibits

19   J and K are summary charts listing the transfers made by Toyo

20   Valcom and Netjet to the California Accounts. (Machida Decl., ¶

21   13.)

22   Applicant became aware of these U.S. bank accounts after

23   he made inquiries to the Japanese banks in which Nishida and the

24   Conspirators maintained accounts, and inquired as to where and to

25   whom funds were transferred out of Nishida and the Conspirators'

26   Japanese bank accounts. (Machida Decl., ¶ 13.)

27   Japan's Bankruptcy Act permits a trustee to avoid, among

28   other things: (1) transfers prejudicial to the creditors when made

25639

1  knowing that it would be prejudicial, and (2) preferential
2  transfers favoring one creditor over other creditors. Attached to
3  the Machida Decl. as Exhibit L are provisions of the Bankruptcy Act
4  of Japan in relation to avoidance. (Machida Decl., ¶ 14.)

5     F.  Bank Florida § 1782 Proceeding

6     Earlier this year, Applicant filed a similar § 1782
7  Application dated April 21, 2015, in the United States District
8  Court for the Southern District of Florida against Nishida and the
9  Conspirators concerning various bank accounts located in Florida.
10 A copy of the Florida § 1782 Application is attached to the Machida
11 Decl. as Exhibit M. (Machida Decl., ¶ 15.)

12    The Florida District Court granted Applicant's Florida §
13 1782 Application in an Order dated April 30, 2015. A copy of the
14 Florida District Court Order is attached to the Machida Decl. as
15 Exhibit N. (Machida Decl., ¶ 16.)

16           III.  DISCOVERY REQUIRED

17    By this Application, and as set forth in the proposed
18 subpoenas duces tecum attached to the Machida Decl. as Exhibit O
19 (Machida Decl., ¶ 17), Applicant seeks to subpoena from the Banks
20 the following documents for all accounts bearing the signatory
21 authority of Nishida, the Conspirators, the False Names, the
22 Alternative Corporate Names, Sergio Longoni S.A., Almaganni,
23 Interior Almaganni, Taymobile S.A., Euromark S.L., Weiman,
24 Solmet S.P.A., Solarman, Tyron Chemical, Allied Centuries,
25 Platinus Import, or AC Transfer Services LLC, and/or bearing the
26 account numbers 3000154864(at Union Bank of California),
27 80000028390 (at First Republic Bank), 0973244892 (at JP Morgan
28 Chase Bank, N.A.), 1892854348 (at Comerica Bank), 80000028382 (at

25639                        7

1  First Republic Bank), 80000028374 (at First Republic Bank),

2  154930368894 (at U.S. Bank), 0828691469 (at Wells Fargo Bank),

3  164301049247 (at U.S. Bank), 0245321743 (at Bank of America, N.A.),

4  003215717 (at National Bank of California), 003215709 (at National

5  Bank of California), and 003215725 (at National Bank of

6  California), for the period February 1, 2009 through the present,

7  including but not limited to:

8         1.   All documents pertaining to all open or closed

9  checking, savings, NOW, Time, or other deposit or checking accounts

10  in the name of or under signature authority of any of the named

11  parties or entities, including but not limited to:

12            a.   Signature cards;

13            b.   Corporate board authorization minutes or

14                 partnership resolutions;

15            c.   Bank statements;

16            d.   Canceled checks;

17            e.   Deposit tickets;

18            f.   Items deposited;

19            g.   Credit and debit memos; and

20            h.   Form 1099, 1089, or back-up withholding

21                 documents.

22         2.   All documents pertaining to open or closed bank

23  loans or mortgage documents, reflecting loans made to or co-signed

24  by any of the named parties or entities, including but not limited

25  to:

26            a.   Loan applications;

27            b.   Corporate board authorization minutes or

28                 partnership resolutions;

```
 1                    c.   Loan ledger sheets;
 2                    d.   Documents (checks, debit memos, cash in
 3                         tickets, wires in, etc.,) reflecting the means
 4                         by which loan repayments were made;
 5                    e.   Documents (bank checks, credit memos, cash out
 6                         tickets, wires out, etc.,) reflecting
 7                         disbursement of the loan proceeds;
 8                    f.   Loan correspondence files, including but not
 9                         limited to:
10                         i.   Letters to the bank;
11                         ii.  Letters from the bank; and
12                         iii. Notes, memoranda, etc. to the file;
13                    g.   Collateral agreements and documents;
14                    h.   Credit reports;
15                    i.   Financial statements;
16                    j.   Notes or other instruments reflecting the
17                         obligation to pay;
18                    k.   Real estate mortgages, chattel mortgages or
19                         other security instruments for loans;
20                    l.   Forms 1099, 1089 or back-up withholding
21                         documents; and
22                    m.   Loan amortization statements.
23            3.   All documents pertaining to Certificates of Deposit
24    purchased or redeemed by any of the named parties or entities,
25    including but not limited to:
26                    a.   Copies of the certificates;
27                    b.   Corporate board authorization minutes or
28                         partnership resolutions;
```

25639                                          9

1          c.    Documents (checks, debit memos, cash in

2             tickets, wires in, etc.,) reflecting the means

3             by which CDS were purchased;

4          d.    Documents (bank checks, credit memos, cash out

5             tickets, wires out, etc.,) reflecting

6             disbursement of the proceeds of any negotiated

7             CDS;

8          e.    Records reflecting interest earned, withdrawn

9             or reinvested;

10         f.    Records reflecting roll-overs; and

11         g.    Forms 1099, 1089 or back-up withholding

12             documents.

13      4.    All documents pertaining to open or closed

14 investment or security custodian accounts, IRA, Keogh or other

15 retirement plans in the name of or for the benefit of any of the

16 named parties or entities, including but not limited to:

17          a.    Documents (checks, debit memos, cash in

18             tickets, wires in, etc.,) reflecting the means

19             by which the securities were purchased;

20         b.    Documents (bank checks, credit memos, cash out

21             tickets, wires out, etc.,) reflecting

22             disbursement of the proceeds of any negotiated

23             securities;

24         c.    Confirmation slips;

25         d.    Monthly statements;

26         e.    Payment receipts;

27         f.    Safekeeping records and logs;

28         g.    Receipts for receipt or delivery of securities;

1                  and

2           h.   Forms 1099, 1089 or back-up withholding

3               documents.

4      5.   Customer correspondence files for each of the named

5 parties and entities.

6      6.   All documents pertaining to all Cashier's,

7 Manager's, or Bank Checks, Traveler's Checks, and Money Orders

8 purchased or negotiated by any of the named parties or entities,

9 including but not limited to:

10          a.   Documents (checks, debit memos, cash in

11              tickets, wires in, etc.,) reflecting the means

12              by which the checks or money orders were

13              purchased;

14          b.   Documents (bank checks, credit memos, cash out

15              tickets, wires out, etc.,) reflecting

16              disbursements of the proceeds of any negotiated

17              checks or money orders;

18          c.   Applications for purchase of checks or money

19              orders; and

20          d.   Retained copies of negotiated checks or money

21              orders.

22      7.   All documents pertaining to wire transfers sent or

23 received by any of the named parties or entities, including but not

24 limited to:

25          a.   Fed Wire, CHIPS, SWIFT, or other money transfer

26              of message documents;

27          b.   Documents (checks, debit memos, cash in

28              tickets, wires in, etc.,) reflecting the source

25639                          11

```
 1                          of the funds wired out;

 2               c.   Documents (bank checks, credit memos, cash out

 3                    tickets, wires out, etc.,) reflecting the

 4                    ultimate disposition within the bank of the

 5                    funds wired in; and

 6               d.   Notes, memoranda or other writings pertaining

 7                    to the sending or receipt of wire transfers.

 8          8.   All documents pertaining to current or expired safe

 9     deposit box rentals by or under the signatory authority of any of

10     the names parties or entities, including but not limited to:

11               a.   Contracts; and

12               b.   Entry records

13          9.   All documents pertaining to open or closed bank

14     credit cards in the name of or under the signatory authority of any

15     of the named parties or entities, including but not limited to:

16               a.   Applications for credit;

17               b.   Corporate board authorization minutes or

18                    partnership resolutions;

19               c.   Credit reports;

20               d.   Monthly statements;

21               e.   Financial statements;

22               f.   Documents (checks, debit memos, cash in

23                    tickets, wires in, etc.,) reflecting payments

24                    on the account; and

25               g.   Correspondence files.

26          10.  Teller tapes reflecting all transactions between the

27     bank and any of the parties or entities named.

28
```

1          11.   All CTRs (Forms 4789) and CMIRs (Form 4790) filed
2     with the Department of Treasury, Internal Revenue Service or the
3     United States Customs Service by the Banks for the period February
4     1, 2009 through the present concerning currency transactions
5     conducted by or on behalf of the named parties or entities.

6                          IV.   RELIEF REQUESTED

7          Applicant respectfully requests that this Court enter an
8     Order pursuant to § 1782: (1) exercising its discretion and
9     granting this Application for judicial assistance; (2) ordering
10    that discovery taken pursuant to this Application and an Order
11    thereon will be governed by the Federal Rules of Civil Procedure
12    and the Local Rules of this Court; (3) granting Applicant leave to
13    conduct discovery pursuant to the Federal Rules of Civil Procedure
14    and the Local Rules of this Court, including, but not limited to,
15    leave to serve subpoenas to obtain documents and/or take testimony,
16    including without limitation, in substantially similar form as the
17    sample subpoena attached as Exhibit O to the Machida Decl.; (4) to
18    facilitate any testimony given in connection with this Application
19    and Court Order, including appointing any licensed California court
20    reporter as a person with the power to administer any necessary
21    oath and take and record testimony or a statement; (5) compelling
22    the production of documents listed above within thirty (30) days of
23    service of a subpoena commanding production of those documents; (6)
24    ordering the Banks to preserve any documents potentially relevant
25    to the Foreign Proceeding; and (7) providing any other relief this
26    Court deems just and proper.   A proposed Order is attached to the
27    Machida Decl. as Exhibit P, and is also being concurrently
28    submitted to the Court with this Application.

25639                              13

1       As discussed further below, Applicant meets all of the
2  statutory criteria for issuance of an Order allowing the requested
3  discovery under 28 U.S.C. § 1782.  Indeed, the documents concerning
4  debtor Nishida's assets are directly relevant to the Foreign
5  Proceeding.  As the Bankruptcy Trustee in that proceeding,
6  Applicant is an "interested person."  The targets of this
7  discovery, the Banks, are all found within this Judicial District.
8  Moreover, as set forth below, all of the discretionary factors that
9  this Court may consider likewise favor granting this Application.
10 *See, e.g.*, Marubeni America Corp. v. LBA Y.K., 335 Fed. Appx. 95
11 (2d Cir. 2009) [holding that the district court did not abuse its
12 discretion or err in granting petitioner's application for
13 discovery, pursuant to 28 U.S.C. § 1782, to produce evidence for
14 use in its suit against respondent in Japan where the evidence
15 sought by petitioner was available in the United States and the
16 requirements for discovery under the statute were met].

### V.  ARGUMENT

#### A.  Authority To Order Discovery

28 U.S.C. § 1782(a) provides, in pertinent part:

"The district court of the district in which a person
resides or is found may order him to give his testimony
or statement or to produce a document or other thing for
use in a proceeding in a foreign or international
tribunal. . . .  The order may be made pursuant to a
letter rogatory issued, or request made, by a foreign or
international tribunal or upon the application of any
interested person and may direct that the testimony or
statement be given, or the document or other thing be

25639                          14

1    produced, before a person appointed by the court. . . .
2    The order may prescribe the practice and procedure, which
3    may be in whole or part the practice and procedure of the
4    foreign country or the international tribunal, for taking
5    the testimony or statement or producing the document or
6    other thing.  To the extent that the order does not
7    prescribe otherwise, the testimony or statement shall be
8    taken, and the document or other thing produced, in
9    accordance with the Federal Rules of Civil
10   Procedure. . . ." [Emphasis added.]

11       Thus, 28 U.S.C. § 1782(a) provides that district courts
12   may order persons found or residing within their district "to give
13   testimony or statement or to produce a document or other thing for
14   use in a proceeding in a foreign or international tribunal."  Since
15   1948, "Congress [has] substantially broadened the scope of
16   assistance federal courts could provide for foreign proceedings,"
17   pursuant to § 1782. Intel Corp. v. Advanced Micro Devices, Inc.,
18   542 U.S. 241, 247-48 (2004); see, also, Lo Ka Chun v. Lo To, 858
19   F.2d 1564 (11th Cir. 1988) ["The history of Section 1782 reveals
20   Congress' wish to strengthen the power of district courts to
21   respond to requests for international assistance"].

22       Congress intended § 1782 to build goodwill by
23   accommodating the needs of foreign courts and litigants, and
24   "purposefully engineered" the statute as "as one-way street" to
25   "grant wide assistance to others, but demand[ing] nothing in
26   return." Euromepa, S.A. v. R. Esmerian, Inc., 51 F.3d 1095, 1097
27   (2d Cir. 1995).

28

1    Congress intentionally granted the district courts broad
2    discretion in granting judicial assistance under § 1782. In re
3    Application of Consorcio Ecuatoriano de Telecommunicaciones S.A.,
4    685 F.3d 987, 998 (11th Cir. 2012); see, also, In re Clerici, 481
5    F.3d 1324, 1331 (11th Cir. 2007); United Kingdom v. United States,
6    238 F.3d 1312, 1319 (11th Cir. 2001). A district court should
7    consider a § 1782 request in light of the statute's "twin aims of
8    providing efficient means of assistance to participants in
9    international litigation in our federal courts and encouraging
10   foreign countries by example to provide similar means of assistance
11   to our courts." Euromepa, S.A., 51 F.3d at 1097 [citing In re Malev
12   Hungarian Airlines, 964 F.2d 97, 100 (2d Cir. 1992)].

13       A district court has authority to grant an application
14   for judicial assistance pursuant to § 1782 if the following
15   statutory requirements are met: (1) the person from whom discovery
16   is sought must reside and be found in the district of the district
17   court; (2) the request must seek evidence, whether it be the
18   "testimony or statement" of a person or the production of "a
19   document or other thing;" (3) the request must be made "by a
20   foreign or international tribunal," or by "any interested person;"
21   and (4) the evidence must be "for use in a proceeding in a foreign
22   or international tribunal." 28 U.S.C. § 1782(a); see In re
23   Clerici, supra, 481 F.3d at 1332. If these requirements are met,
24   then § 1782 "authorizes, but does not require a federal district
25   court to provide assistance." Intel, supra, 542 U.S. at 255. The
26   U.S. Supreme Court has cautioned lower courts against reading any
27   additional requirements into the statute's application. Intel,
28   supra, 542 U.S. at 255 [advising lower courts to resist placing

25639                        16

1  additional "categorical limitations. . . on the statute's reach"];

2  *see, also,* In re Aldunate, 3 F.3d 54, 59 (2d Cir. 1993) ["[W]e are

3  not free to read extra-statutory barriers to discovery into section

4  1782"].

5              B.    Applicant's Application Satisfies Section 1782's

6                    Statutory Requirements

7        Applicant's request for discovery satisfies § 1782's

8  statutory prerequisites.

9        First, the Banks maintain branches in this Court's

10  district at, *inter alia*: (1) 12185 Ventura Blvd, Studio City,

11  California 91604 (Union Bank of California); (2) 12070 Ventura

12  Boulevard, Studio City, California 91604 (First Republic Bank); (3)

13  Sepulveda and Mariposa 550 N. Sepulveda Blvd, El Segundo,

14  California 90245 (JP Morgan Chase Bank, N.A.); (4) 12050 Ventura

15  Blvd, Suite A-105, Studio City, California 91604 (Comerica Bank);

16  (5) 12070 Ventura Boulevard, Studio City, California 91604 (First

17  Republic Bank); (6) 14475 Ventura Blvd, Sherman Oaks, California

18  91423 (U.S. Bank); (7) 2444 Wilshire Blvd, Santa Monica, California

19  90403 (Wells Fargo Bank); (8) 2232 Santa Monica Blvd, Santa Monica,

20  California 90404 (U.S. Bank); (9) 460 N Beverly Dr, Beverly Hills,

21  California 90210 (Bank of America, N.A.); and (10) 14724 Ventura

22  Blvd, Sherman Oaks, Suite 100, California 91403 (National Bank of

23  California).  Clearly, the Banks are "found" within this Court's

24  district for purposes of § 1782. *See, e.g.,* In re Inversionesy

25  Gasolinera Petroleos Valenzuela, 2011 U.S. Dist. LEXIS 5201, at *24

26  (S.D. Fla. Jan. 19, 2011) [Exxon is "found" in the Southern

27  District of Florida under § 1782, even though its headquarters and

28  place of incorporation are not in that district].

1       Second, the request seeks the production of documents as
2   evidence of funds which may belong to the debtor's bankruptcy
3   estate.

4       Third, Applicant, as the court-appointed Bankruptcy
5   Trustee in the Foreign Proceeding, is most definitely an
6   "interested person" under the statute.

7       Fourth, and finally, Applicant seeks discovery for use in
8   a Japanese bankruptcy proceeding that is currently pending before
9   the 20th Civil Division of the Tokyo District Court in Japan, a
10  "foreign tribunal" under 28 U.S.C. § 1782. See Intel, supra, 542
11  U.S at 258 ["[t]he term 'tribunal'. . . includes investigating
12  magistrates, administrative and arbitral tribunals, and quasi-
13  judicial agencies, as well as conventional civil, commercial,
14  criminal, and administrative courts"]; see, also, Lancaster
15  Factoring Co. v. Mangone, 90 F.3d 38, 42 (2d Cir. 1996) ["A
16  bankruptcy proceeding, by its nature, is one in which the value of
17  the debtor's estate is adjudicated.  Such a proceeding is within
18  the intended scope of § 1782"].

19      Thus, the elements necessary to permit the Court to order
20  discovery pursuant to 28 U.S.C. § 1782 are all present here.

21          C.   The Court Should Exercise Its Discretion To Grant
22               Applicant The Discovery Sought

23      "Once the statutory requirements [of 28 U.S.C. § 1782]
24  are met, the district court is free to grant discovery in its
25  discretion." Schmitz v. Bernstein Liebhard & Lifshitz, LLP, 376
26  F.3d 79, 83-84 (2d Cir. 2004).  The U.S. Supreme Court has
27  identified a number of factors that courts are to consider in
28  ruling on a § 1782 application: (1) whether the person from whom

25639                          18

1   discovery is sought is a participant in the foreign proceeding; (2)
2   the nature of the foreign tribunal, the character of the proceeding
3   underway abroad, and the receptivity of the foreign court to
4   federal court assistance; (3) whether the application conceals an
5   attempt to circumvent foreign proof-gathering restrictions of a
6   foreign country; and (4) whether the application is unduly
7   intrusive or burdensome. *See* Intel Corp., supra, 542 U.S. at 264-
8   65; Brandi-Dohrn v. IKB Deutsche Industriebank AG, 673 F.3d 76, 80-
9   81 (2d Cir. 2012). Here, all of these factors weigh in favor of
10  granting this Application by Applicant.

11        First, where, as here, discovery is sought from a party
12  that is not participating in the foreign proceeding, the need for
13  court-ordered discovery is apparent. As the U.S. Supreme Court
14  explained: "A foreign tribunal has jurisdiction over those
15  appearing before it, and can itself order them to produce evidence.
16  . . . In contrast, nonparticipants in the foreign proceeding may
17  be outside the foreign tribunal's jurisdictional reach; hence,
18  their evidence, available in the United States, may be unobtainable
19  absent § 1782 aid." *Intel*, 542 U.S at 264 (internal citations
20  omitted). The Banks are not parties to the Foreign Proceeding and,
21  thus, the judge in the Japanese Court has no jurisdiction to
22  acquire from the Banks the document discovery that Applicant seeks
23  here.

24        The second factor identified by the U.S. Supreme Court –
25  the nature of the foreign proceeding and the receptivity of the
26  foreign tribunal to federal court assistance – requires courts to
27  consider "(1) whether United States assistance would offend the
28  foreign country, and (2) whether the material sought is admissible

1   in the foreign tribunal." In re Application of Gemeinshcaftspraxis
2   Dr. Med. Schottodorf, No. M 19-88, 2006 U.S. Dist. LEXIS 94161, at
3   *20 (S.D.N.Y. Dec. 29, 2006). In weighing these elements, courts
4   may only rely on "authoritative proof." Euromepa S.A. v. R.
5   Esmerian, Inc., 51 F.3d 1095, 1100 (2d Cir. 1995). Here, there is
6   no evidence that the discovery sought by this Application would
7   "offend" Japan or its procedures. Nor, is there any indication
8   that the documents sought would be inadmissible in the Foreign
9   Proceeding. To the contrary, the documents consist of bank records
10  that are relevant to the whereabouts of debtor Nishida's assets, a
11  primary issue in the Foreign Proceeding. Given their relevance to
12  the Foreign Proceeding, Applicant believes that these documents
13  will be considered. This factor thus weighs in favor of granting
14  this Application.

15          The third factor also suggests that discovery should be
16  granted, as this Application is not an attempt to circumvent any
17  foreign proof-gathering restrictions. It does not violate any
18  Japanese restrictions on gathering evidence. In addition, the
19  Applicant has a good faith basis for believing that he will be able
20  to use these materials in the Foreign Proceeding. See Marubeni
21  America Corp. v. LBA Y.K., 335 Fed. Appx. 95 (2d Cir. 2009)
22  [pointing out that, in Intel, the U.S. Supreme Court expressly
23  declined to adopt a rule requiring parties seeking discovery under
24  § 1782 to demonstrate that the information would be discoverable in
25  the foreign jurisdiction].

26          Finally, this Application is not burdensome. The
27  requests are tailored to include only materials related to certain
28  bank accounts. Moreover, the documents sought would all be kept by

25639                                    20

1  the Banks in the ordinary course of business, and lend themselves
2  to ready identification and production.

3        All of the factors the U.S. Supreme Court has identified
4  militate in favor of this Court exercising its discretion to grant
5  Applicant the discovery he seeks. *See, e.g.*, London v. Does, 279
6  Fed. Appx. 513 (9th Cir. 2008); Siemens AG v. Western Digital
7  Corp., No. 8:13-cv-01407, 2013 U.S. Dist. LEXIS 159266 (C.D. Cal.
8  Nov. 4 2013).

9              VI.   THE COURT SHOULD GRANT THIS APPLICATION EX PARTE

10        It is appropriate for this Court to issue the Order on an
11  ex parte basis, without prejudice to the rights of the subpoenaed
12  parties to file a motion to vacate or quash. *See* In re Clerici, 481
13  F.3d 1324, 1329-30 (11th Cir. 2007) [ex parte order granted one day
14  after § 1782 application filed]; In re Trinidad and Tobago, 848
15  F.2d 1151, 1152 (11th Cir. 1988) [affirming ex parte order under §
16  1782, overruled on other grounds in Intel, supra, 542 U.S. 241]; In
17  re Esses, 101 F.3d 873, 874 (2d Cir. 1996) [affirming grant of ex
18  parte order under § 1782].

19            VII.   THE BANKS SHOULD PRESERVE RELEVANT EVIDENCE

20        To the extent that the requested evidence may be
21  discarded or deleted, manually or automatically, the Banks should
22  be directed to preserve all such potentially relevant evidence.
23  *See* Telecton, Inc. v. Overhead Door Corp., 116  F.R.D. 107, 127
24  (S.D. Fla. 1987) [noting that a litigant has "a duty to preserve
25  what it knows, or reasonably should know, is relevant in the
26  action, is reasonably calculated to lead to the discovery of
27  admissible evidence, is reasonably likely to be requested during
28  discovery, and/or is the subject of a pending discovery request"].

25639                                21

1  Any issues that the Banks may have with the proposed discovery can
2  be addressed in their responses to the requested discovery. *See,*
3  *e.g.,* In re Clerici, supra, 481 F.3d at 1329 [affirming district
4  court's denial of motion to vacate order granting ex parte
5  application for discovery pursuant to 28 U.S.C. § 1782].

## VIII. CONCLUSION

7  Applicant respectfully requests that this Court grant
8  this Application pursuant to 28 U.S.C. § 1782, and Rules 26 and 34
9  of the Federal Rules of Civil Procedure, and issue an Order in
10 substantially the form of the proposed Order submitted concurrently
11 herewith and attached to the Machida Decl. as Exhibit P.

12 DATED: October 23, 2015        Respectfully submitted,

13                               SHIELDS LAW OFFICES

15                               By: _____
                                     Jeffrey W. Shields
16                                   M. Adam Tate
                                     Attorneys for Applicant
17                                   Kenichi Machida

# EXHIBIT A

[Translation]

Case number: (*fu*) No. 134 of 2014

# Court Order

3-12-4, Daizawa, Setagaya-Ku, Tokyo
The debtor (The bankrupt): Shingi Nishida[1]

# Conclusion

The court has decided to commence bankruptcy proceedings in respect of Shingi Nishida.

# Reason

According to the documents relating to the debtor, it is found that the debtor is unable to pay his debts.[2]

Therefore, the court has come to the conclusion above.

The court has also decided the following:

1.  Bankruptcy trustee
    Kenichi Machida, Attorney-at-Law
    Machida Law Office
    YS Suda-cho Bldg. 10F, 1-10-1, Kanda-Suda-cho, Chiyoda-Ku, Tokyo
2.  Period for filing proofs of bankruptcy claims
    On or before May 2, 2014
3.  Date of a meeting for reporting the status of property, a meeting for reporting account, and a meeting for hearing bankruptcy creditors' opinions of discontinuance of bankruptcy proceedings
    September 1, 2014 at 10:00 a.m.
4.  Date of the meeting for conducting an investigation of bankruptcy claims
    September 1, 2014 at 10:00 a.m.

> March 28, 2014, 4:00 p.m.
> The 20th Civil Division of the Tokyo District Court
> Judge Masaki Higuchi

> This document is an authentic copy.
> March 28, 2014
> The 20th Civil Division of the Tokyo District Court
> Court Clerk Daihachiro Asaka (Seal)

---

1       Note from Translator: He may call himself Nobuyoshi Nishida.

2       Note from Translator: The term "unable to pay debts" is defined in the Bankruptcy Code of Japan as the condition in which a debtor, due to the lack of ability to pay, is generally and continuously unable to pay his/her debts as they become due.

## CERTIFICATE OF TRANSLATION

I, Akiko Yamada, hereby certify that I translated the attached document from Japanese to English and, to the best of my ability, it is a true and correct translation. I further certify that I am competent in both Japanese and English to render and certify such translation.

Akiko Yamada
Akiko Yamada

Sworn before me this 3th day of April, 2015.

Notary Public
Bronx County
exp. 02/23/2019
Notary Public of New York

平成26年（フ）第134号

決　　　　定

東京都世田谷区代沢3丁目12−4
債務者（破産者）　　西田　信義

主　　　　文

債務者西田　信義について破産手続を開始する。

理　　　　由

一件記録によれば，債務者が支払不能の状態にあることが認められる。
よって，主文のとおり決定する。
なお，この決定に併せて，下記のとおり定める。

記

1　破産管財人　　　　東京都千代田区神田須田町1丁目10番1号　YS須田町
　　　　　　　　　　ビル10階　町田法律事務所

　　　　　　　　　　弁護士　町田　健一

2　債権届出期間　　　平成26年5月2日まで

3　財産状況報告集会・計算報告集会・破産手続廃止に関する意見聴取のための集
　会の各期日

　　　　　　　　　　平成26年9月1日午前10時

4　債権調査期日　　　平成26年9月1日午前10時

　　　　　平成26年3月28日午後4時

　　　　　　　東京地方裁判所民事第20部

　　　　　　　　　　裁　判　官　　樋　　口　　正　　樹

　　　これは正本である。

　　　　　平成26年3月28日

　　　　　　　東京地方裁判所民事第20部

　　　　　　　　　裁判所書記官　　浅　香　大八

# EXHIBIT B

[Translation]

### Bankruptcy Act of Japan

(Scope of the Bankruptcy Estate)

Article 34

(1) Any and all property that the bankrupt holds at the time of commencement of bankruptcy proceedings (irrespective of whether or not it exists in Japan) shall constitute the bankruptcy estate.

(Obligation of Explanation of the Bankrupt, etc.)

Article 40

(1) The following persons, upon the request of a bankruptcy trustee or the creditors committee prescribed in Article 144(2) or the request based on a resolution at a creditors meeting, shall give a necessary explanation concerning bankruptcy; provided, however, that with regard to the person set forth in item (v), this shall apply only when permitted by the court:

    (i) The bankrupt

    (ii) The bankrupt's agent

    (iii) In cases where the bankrupt is a juridical person, its director, executive officer, inspector, auditor and liquidator

    (iv) Any other person equivalent to the persons listed in the preceding item

    (v) The bankrupt's employee (excluding the person set forth in item (ii))

(2) The provision of the preceding paragraph shall apply mutatis mutandis to a person who was any of the persons listed in the items of said paragraph (excluding item (i)).

(Obligation of Disclosure of Important Property of the Bankrupt)

Article 41

The bankrupt, without delay after an order of commencement of bankruptcy proceedings is made, shall submit to the court a document stating the contents of real property, cash, securities, deposits and savings and any other type of property designated by the court that the bankrupt owns.

(Powers of Bankruptcy Trustee)

Article 78

(1)   Where an order of commencement of bankruptcy proceedings is made, the right to administer and dispose of property that belongs to the bankruptcy estate shall be vested exclusively in a bankruptcy trustee appointed by the court.

(2)   A bankruptcy trustee shall obtain permission of the court in order to conduct the following acts:

(i)   Sale by private contract of a real right on real property, Japanese vessel or foreign vessel that should be registered

(ii)   Sale by private contract of a mining right, fishing right, patent right, utility model right, design right, trademark right, right of layout-designs of integrated circuits, breeder's right, copyright or neighboring right

(iii)   Transfer of an operation or business

(iv)   Package sale of goods

(v)   Borrowing of money

(vi)   Acceptance of renunciation of inheritance under the provision of Article 238(2), acceptance of renunciation of a comprehensive testamentary gift under the provision of Article 243 as applied mutatis mutandis pursuant to Article 238(2) or acceptance of a specific testamentary gift pursuant to the provision of Article 244(1)

(vii)   Sale by private contract of movable property

(viii)   Transfer of a claim or securities

(ix)   Request for performance under the provision of Article 53(1)

(x)   Filing of an action

(xi)   Settlement or arbitration agreement (meaning an arbitration agreement prescribed in Article 2(1) of the Arbitration Act (Act No. 138 of 2003))

(xii)   Waiver of a right

(xiii)   Admittance of a claim on the estate, right of segregation or right of separate satisfaction

(xiv)   Redemption of the collateral for a right of separate satisfaction

(xv)   Any other act designated by the court

(Investigation by Bankruptcy Trustee, etc.)

Article 83

(1)   A bankruptcy trustee may request any of the persons set forth in the items of Article 40(1) and any of the persons prescribed in paragraph (2) of said Article to give

an explanation pursuant to the provision of said Article, or may inspect books, documents and any other objects relating to the bankruptcy estate.

(2)   A bankruptcy trustee, when necessary in order to perform his/her duties, may request a subsidiary company, etc. (meaning a juridical person specified in each of the following items for the cases listed in the respective items; the same shall apply in the following paragraph) of the bankrupt to give an explanation on the status of its business and property, or may inspect its books, documents and any other objects:

(i)   Where the bankrupt is a stock company:   A subsidiary company (meaning a subsidiary company prescribed in Article 2(iii) of the Companies Act) of the bankrupt

(ii)   Where the bankrupt is a person other than a stock company:   A stock company in which the bankrupt holds the majority of voting rights of all shareholders

(3)   Where a subsidiary company, etc. of the bankrupt (limited to one that is a person other than a stock company; hereinafter the same shall apply in this paragraph) independently holds or the bankrupt and the bankrupt's subsidiary company, etc. jointly hold the majority of voting rights of all shareholders of another stock company, for the purpose of application of the provision of the preceding paragraph, such other stock company shall be deemed to be a subsidiary company of the bankrupt.

## CERTIFICATE OF TRANSLATION

I, Akiko Yamada, hereby certify that I translated the attached document from Japanese to English and, to the best of my ability, it is a true and correct translation. I further certify that I am competent in both Japanese and English to render and certify such translation.

_Akiko Yamada_
Akiko Yamada

Sworn before me this/3th day of April, 2015.

Notary Public

<u>破産法</u>

（破産財団の範囲）

第三十四条　破産者が破産手続開始の時において有する一切の財産（日本国内にあるかどうかを問わない。）は、破産財団とする。


（破産者等の説明義務）

第四十条　次に掲げる者は、破産管財人若しくは第百四十四条第二項に規定する債権者委員会の請求又は債権者集会の決議に基づく請求があったときは、破産に関し必要な説明をしなければならない。ただし、第五号に掲げる者については、裁判所の許可がある場合に限る。

　　一　破産者

　　二　破産者の代理人

　　三　破産者が法人である場合のその理事、取締役、執行役、監事、監査役及び清算人

　　四　前号に掲げる者に準ずる者

　　五　破産者の従業者（第二号に掲げる者を除く。）

２　前項の規定は、同項各号（第一号を除く。）に掲げる者であった者について準用する。

（破産者の重要財産開示義務）

第四十一条　破産者は、破産手続開始の決定後遅滞なく、その所有する不動産、現金、有価証券、預貯金その他裁判所が指定する財産の内容を記載した書面を裁判所に提出しなければならない。

（破産管財人の権限）

第七十八条　破産手続開始の決定があった場合には、破産財団に属する財産の管理及び処分をする権利は、裁判所が選任した破産管財人に専属する。

２　破産管財人が次に掲げる行為をするには、裁判所の許可を得なければならない。

　　一　不動産に関する物権、登記すべき日本船舶又は外国船舶の任意売却

　　二　鉱業権、漁業権、特許権、実用新案権、意匠権、商標権、回路配置利用権、育成者権、著作権又は著作隣接権の任意売却

　　三　営業又は事業の譲渡

　　四　商品の一括売却

　　五　借財

六　第二百三十八条第二項の規定による相続の放棄の承認、第二百四十三条において準用する同項の規定による包括遺贈の放棄の承認又は第二百四十四条第一項の規定による特定遺贈の放棄

七　動産の任意売却

八　債権又は有価証券の譲渡

九　第五十三条第一項の規定による履行の請求

十　訴えの提起

十一　和解又は仲裁合意（仲裁法（平成十五年法律第百三十八号）第二条第一項に規定する仲裁合意をいう。）

十二　権利の放棄

十三　財団債権、取戻権又は別除権の承認

十四　別除権の目的である財産の受戻し

十五　その他裁判所の指定する行為

（破産管財人による調査等）

第八十三条　破産管財人は、第四十条第一項各号に掲げる者及び同条第二項に規定する者に対して同条の規定による説明を求め、又は破産財団に関する帳簿、書類その他の物件を検査することができる。

2　破産管財人は、その職務を行うため必要があるときは、破産者の子会社等（次の各号に掲げる区分に応じ、それぞれ当該各号に定める法人をいう。次項において同じ。）に対して、その業務及び財産の状況につき説明を求め、又はその帳簿、書類その他の物件を検査することができる。

一　破産者が株式会社である場合　破産者の子会社（会社法第二条第三号に規定する子会社をいう。）

二　破産者が株式会社以外のものである場合　破産者が株式会社の総株主の議決権の過半数を有する場合における当該株式会社

3　破産者（株式会社以外のものに限る。以下この項において同じ。）の子会社等又は破産者及びその子会社等が他の株式会社の総株主の議決権の過半数を有する場合には、前項の規定の適用については、当該他の株式会社を当該破産者の子会社等とみなす。

# EXHIBIT C

[Translation]

Case number: (*fu*) No. 10967 of 2012

# Court Order

3-6-14, Kitashinagawa, Shinagawa-Ku, Tokyo
The debtor (The bankrupt): Toyo Diplomat
Representative liquidator: Tomoko Fukuda

# Conclusion

The court has decided to commence bankruptcy proceedings in respect of Toyo Diplomat.

# Reason

According to the documents relating to the debtor, it is found that the debtor is unable to pay his debts.[1]
Therefore, the court has come to the conclusion above.
The court has also decided the following:
1.     Bankruptcy trustee
       Kenichi Machida, Attorney-at-Law
       Machida Law Office
       YS Suda-cho Bldg. 10F, 1-10-1, Kanda-Suda-cho, Chiyoda-Ku, Tokyo
2.     Period for filing proofs of bankruptcy claims
       On or before March 1, 2013
3.     Date of a meeting for reporting the status of property, a meeting for reporting account,
       and a meeting for hearing bankruptcy creditors' opinions of discontinuance of bankruptcy
       proceedings
       April 22, 2013 at 1:30 p.m.
4.     Date of the meeting for conducting an investigation of bankruptcy claims
       April 22, 2013 at 1:30 p.m.

                         January 25, 2013, 5:00 p.m.
                                The 20th Civil Division of the Tokyo District Court
                                       Judge Masaki Higuchi

                         This document is an authentic copy.
                                January 25, 2013
                                       The 20th Civil Division of the Tokyo District Court
                                       Court Clerk Noriko Nagai

---

[1]     Note from Translator: The term "unable to pay debts" is defined in the Bankruptcy Code of Japan as the condition in which a debtor, due to the lack of ability to pay, is generally and continuously unable to pay his/her debts as they become due.

## CERTIFICATE OF TRANSLATION

I, Akiko Yamada, hereby certify that I translated the attached document from Japanese to English and, to the best of my ability, it is a true and correct translation. I further certify that I am competent in both Japanese and English to render and certify such translation.

<u>    Akiko Yamada  </u>
      Akiko Yamada

Sworn before me this 3th day of April, 2015.

Notary Public

平成24年（フ）第10967号

決　　　　　定

東京都品川区北品川3丁目6番14号
　　債務者（破産者）　　株式会社東洋ディプロマット
　　代表者代表清算人　　福田　智子

主　　　　　文

債務者株式会社東洋ディプロマットについて破産手続を開始する。

理　　　　　由

一件記録によれば，債務者が支払不能の状態にあることが認められる。
よって，主文のとおり決定する。
なお，この決定に併せて，下記のとおり定める。

記

1　破産管財人　　　　東京都千代田区神田須田町1丁目10番1号　ＹＳ須田町
　　　　　　　　　　　ビル10階　町田法律事務所
　　　　　　　　　　　弁護士　町田　健一
2　債権届出期間　　　平成25年3月1日まで
3　財産状況報告集会・計算報告集会・破産手続廃止に関する意見聴取のための集
　　会の各期日
　　　　　　　　　　　平成25年4月22日午後1時30分
4　債権調査期日　　　平成25年4月22日午後1時30分


　　　　　平成25年1月25日午後5時
　　　　　東京地方裁判所民事第20部
　　　　　　　　　　裁　判　官　樋　口　正　樹

　　　これは正本である。
　　　　　平成25年1月25日
　　　　　東京地方裁判所民事第20部
　　　　　　　　　裁判所書記官　　永　井　紀　子

# EXHIBIT D

[Translation]

Case number: (*fu*) No. 11751 of 2012

# Court Order

3-6-16, Kitashinagawa, Shinagawa-Ku, Tokyo
The debtor (The bankrupt): Netjet Japan Limited
President and CEO: Hiroyuki Ishida

# Conclusion

The court has decided to commence bankruptcy proceedings in respect of Netjet Japan Limited.

# Reason

According to the documents relating to the debtor, it is found that the debtor is unable to pay his debts.[1]
Therefore, the court has come to the conclusion above.
The court has also decided the following:
1.  Bankruptcy trustee
    Kenichi Machida, Attorney-at-Law
    Machida Law Office
    YS Suda-cho Bldg. 10F, 1-10-1, Kanda-Suda-cho, Chiyoda-Ku, Tokyo
2.  Period for filing proofs of bankruptcy claims
    On or before March 1, 2013
3.  Date of a meeting for reporting the status of property, a meeting for reporting account, and a meeting for hearing bankruptcy creditors' opinions of discontinuance of bankruptcy proceedings
    April 22, 2013 at 1:30 p.m.
4.  Date of the meeting for conducting an investigation of bankruptcy claims
    April 22, 2013 at 1:30 p.m.

                    January 25, 2013, 5:00 p.m.
                        The 20th Civil Division of the Tokyo District Court
                                Judge Masaki Higuchi

                    This document is an authentic copy.
                        January 25, 2013
                            The 20th Civil Division of the Tokyo District Court
                            Court Clerk Noriko Nagai

---

[1]     Note from Translator: The term "unable to pay debts" is defined in the Bankruptcy Code of Japan as the condition in which a debtor, due to the lack of ability to pay, is generally and continuously unable to pay his/her debts as they become due.

## CERTIFICATE OF TRANSLATION

I, Akiko Yamada, hereby certify that I translated the attached document from Japanese to English and, to the best of my ability, it is a true and correct translation. I further certify that I am competent in both Japanese and English to render and certify such translation.

Akiko Yamada
Akiko Yamada

Sworn before me this 5th day of April, 2015.

Notary Public

Bronx County
Exp. 02/23/2019
Notary Public of New York

平成２４年（フ）第１１７５１号

決　　　　　定

東京都品川区北品川３丁目６番１６号
　　債務者（破産者）　　　株式会社ネットジェット・ジャパン
　　代表者代表取締役　　石田　浩之

主　　　　　文

債務者株式会社ネットジェット・ジャパンについて破産手続を開始する。

理　　　　　由

一件記録によれば，債務者が支払不能の状態にあることが認められる。
よって，主文のとおり決定する。
なお，この決定に併せて，下記のとおり定める。

記

１　破産管財人　　　　東京都千代田区神田須田町１丁目１０番１号　ＹＳ須田町
　　　　　　　　　　　ビル１０階　町田法律事務所

　　　　　　　　　　　弁護士　町田　健一

２　債権届出期間　　　平成２５年３月１日まで

３　財産状況報告集会・計算報告集会・破産手続廃止に関する意見聴取のための集
会の各期日

　　　　　　　　　　　平成２５年４月２２日午後１時３０分

４　債権調査期日　　　平成２５年４月２２日午後１時３０分


　　　　　　　平成２５年１月２５日午後５時
　　　　　　　東京地方裁判所民事第２０部

　　　　　　　　　　裁　判　官　　樋　口　正　樹

これは正本である。

　　　　　　　平成２５年１月２５日

　　　　　　　東京地方裁判所民事第２０部

　　　　　　　　　裁判所書記官　　永　井　紀　子

# EXHIBIT E

[Translation]

Case number: (*fu*) No. 4415 of 2013

# Court Order

1-2, Centrea, Tokoname-shi, Aichi
The debtor (The bankrupt): Western Jet Corp
President and CEO: Glasser Stephen

# Conclusion

The court has decided to commence bankruptcy proceedings in respect of Western Jet Corp.

# Reason

According to the documents relating to the debtor, it is found that the debtor is unable to pay his debts.[1]
Therefore, the court has come to the conclusion above.
The court has also decided the following:
1.      Bankruptcy trustee
        Kenichi Machida, Attorney-at-Law
        Machida Law Office
        YS Suda-cho Bldg. 10F, 1-10-1, Kanda-Suda-cho, Chiyoda-Ku, Tokyo
2.      Period for filing proofs of bankruptcy claims
        On or before August 20, 2013
3.      Date of a meeting for reporting the status of property, a meeting for reporting account,
        and a meeting for hearing bankruptcy creditors' opinions of discontinuance of bankruptcy
        proceedings
        November 18, 2013 at 1:30 p.m.
4.      Date of the meeting for conducting an investigation of bankruptcy claims
        November 18, 2013 at 1:30 p.m.

> July 16, 2013, 12:00 p.m.
> The 20th Civil Division of the Tokyo District Court
> Judge Masaki Higuchi

> This document is an authentic copy.
> July 16, 2013
> The 20th Civil Division of the Tokyo District Court
> Court Clerk Shinya Sekiguchi

---

[1]      Note from Translator: The term "unable to pay debts" is defined in the Bankruptcy Code of Japan as the condition in which a debtor, due to the lack of ability to pay, is generally and continuously unable to pay his/her debts as they become due.

## CERTIFICATE OF TRANSLATION

I, Akiko Yamada, hereby certify that I translated the attached document from Japanese to English and, to the best of my ability, it is a true and correct translation. I further certify that I am competent in both Japanese and English to render and certify such translation.

_Akiko Yamada_
Akiko Yamada

Sworn before me this 3th day of April, 2015.

Notary Public
BRONX COUNTY
exp. 02/23/2019
Notary Public of New York

平成２５年（フ）第４４１５号

決　　　　定

愛知県常滑市セントレア１丁目２番地
債務者（破産者）　　株式会社ウェスタンジェットコープ
代表者代表取締役　　グラッサー・ステファン

主　　　　文

債務者株式会社ウェスタンジェットコープについて破産手続を開始する。

理　　　　由

一件記録によれば，債務者が支払不能の状態にあることが認められる。
よって，主文のとおり決定する。
なお，この決定に併せて，下記のとおり定める。

記

1　破産管財人　　　東京都千代田区神田須田町１丁目１０番１号　ＹＳ須田町
　　　　　　　　　　ビル１０階　町田法律事務所
　　　　　　　　　　弁護士　町田　健一
2　債権届出期間　　平成２５年８月２０日まで
3　財産状況報告集会・計算報告集会・破産手続廃止に関する意見聴取のための集
　　会の各期日
　　　　　　　　　　平成２５年１１月１８日午後１時３０分
4　債権調査期日　　平成２５年１１月１８日午後１時３０分


平成２５年７月１６日午後０時
東京地方裁判所民事第２０部

裁　判　官　樋　口　正　樹

これは正本である。

平成２５年７月１６日

東京地方裁判所民事第２０部

裁判所書記官　関　口　晋　也

# EXHIBIT F

[Translation]

Case number: (*fu*) No. 4414 of 2013

# Court Order

15-5, Ekimaehoncho, Kawasaki-ku, Kawasaki-shi, Kanagawa
The debtor (The bankrupt): Tyrell Technodyne Ltd.
President and CEO: William Glasser

# Conclusion

The court has decided to commence bankruptcy proceedings in respect of Tyrell Technodyne Ltd.

# Reason

According to the documents relating to the debtor, it is found that the debtor is unable to pay his debts.[1]
Therefore, the court has come to the conclusion above.
The court has also decided the following:
1.      Bankruptcy trustee
        Kenichi Machida, Attorney-at-Law
        Machida Law Office
        YS Suda-cho Bldg. 10F, 1-10-1, Kanda-Suda-cho, Chiyoda-Ku, Tokyo
2.      Period for filing proofs of bankruptcy claims
        On or before August 21, 2013
3.      Date of a meeting for reporting the status of property, a meeting for reporting account,
        and a meeting for hearing bankruptcy creditors' opinions of discontinuance of bankruptcy
        proceedings
        November 18, 2013 at 1:30 p.m.
4.      Date of the meeting for conducting an investigation of bankruptcy claims
        November 18, 2013 at 1:30 p.m.

                        July 17, 2013, 3:00 p.m.
                           The 20th Civil Division of the Tokyo District Court
                                    Judge Masaki Higuchi

                        This document is an authentic copy.
                                July 17, 2013
                                    The 20th Civil Division of the Tokyo District Court
                                    Court Clerk Shinya Sekiguchi

---

[1]     Note from Translator: The term "unable to pay debts" is defined in the Bankruptcy Code of Japan as the condition in which a debtor, due to the lack of ability to pay, is generally and continuously unable to pay his/her debts as they become due.

## CERTIFICATE OF TRANSLATION

I, Akiko Yamada, hereby certify that I translated the attached document from Japanese to English and, to the best of my ability, it is a true and correct translation. I further certify that I am competent in both Japanese and English to render and certify such translation.

_Akiko Yamada_
Akiko Yamada

Sworn before me this 7th day of April, 2015.

_Notary Public_
Notary Public
Bronx County
exp. 02/23/2019
Notary Public of New York

平成２５年（フ）第４４１４号

決　　　　定

神奈川県川崎市川崎区駅前本町１５番５号
債務者（破産者）　　株式会社タイレル・テクノダイン
代表者代表取締役　　ウィリアム・グラッサー

主　　　　文

債務者株式会社タイレル・テクノダインについて破産手続を開始する。

理　　　　由

一件記録によれば，債務者が支払不能の状態にあることが認められる。
よって，主文のとおり決定する。
なお，この決定に併せて，下記のとおり定める。

記

1　破産管財人　　　東京都千代田区神田須田町１丁目１０番１号　ＹＳ須田町
　　　　　　　　　　ビル１０階　町田法律事務所
　　　　　　　　　　弁護士　町田　健一
2　債権届出期間　　平成２５年８月２１日まで
3　財産状況報告集会・計算報告集会・破産手続廃止に関する意見聴取のための集
　会の各期日
　　　　　　　　　　平成２５年１１月１８日午後１時３０分
4　債権調査期日　　平成２５年１１月１８日午後１時３０分


平成２５年７月１７日午後３時
　　東京地方裁判所民事第２０部

　　　　　　　　　裁　判　官　樋　口　正　樹

これは正本である。

平成２５年７月１７日

東京地方裁判所民事第２０部

　　　裁判所書記官　関　口　晋　也

# EXHIBIT G

[Translation]

Case number: (fu) No. 10968 of 2012

# Court Order

Gotenyama Royal 4th Floor, 3-6-14, Kitashinagawa, Shinagawa-ku, Tokyo
The debtor (The bankrupt): Tomoko Fukuda

# Conclusion

The court has decided to commence bankruptcy proceedings in respect of Tomoko Fukuda.

# Reason

According to the documents relating to the debtor, it is found that the debtor is unable to pay his debts.[1]
Therefore, the court has come to the conclusion above.
The court has also decided the following:
1.      Bankruptcy trustee
        Kenichi Machida, Attorney-at-Law
        Machida Law Office
        YS Suda-cho Bldg. 10F, 1-10-1, Kanda-Suda-cho, Chiyoda-Ku, Tokyo
2.      Period for filing proofs of bankruptcy claims
        On or before March 1, 2013
3.      Date of a meeting for reporting the status of property, a meeting for reporting account,
        and a meeting for hearing bankruptcy creditors' opinions of discontinuance of bankruptcy
        proceedings
        April 22, 2013 at 1:30 p.m.
4.      Date of the meeting for conducting an investigation of bankruptcy claims
        April 22, 2013 at 1:30 p.m.

                        January 25, 2013, 5:00 p.m.
                        The 20th Civil Division of the Tokyo District Court
                        Judge Masaki Higuchi

                        This document is an authentic copy.
                        January 25, 2013
                                The 20th Civil Division of the Tokyo District Court
                                Court Clerk Noriko Nagai

---

[1]     Note from Translator: The term "unable to pay debts" is defined in the Bankruptcy Code of Japan as the condition in which a debtor, due to the lack of ability to pay, is generally and continuously unable to pay his/her debts as they become due.

## CERTIFICATE OF TRANSLATION

I, Akiko Yamada, hereby certify that I translated the attached document from Japanese to English and, to the best of my ability, it is a true and correct translation. I further certify that I am competent in both Japanese and English to render and certify such translation.

Akiko Yamada

Akiko Yamada

Sworn before me this 8th day of April, 2015.

Notary Public

Bronx County

exp. 02/25/2019

Notary Public of New York

平成２４年（フ）第１０９６８号

## 決　　　　定

東京都品川区北品川３丁目６－１４　御殿山ロワイヤル４Ｆ
　　債務者（破産者）　　　福田　智子

## 主　　　　文

　債務者福田　智子について破産手続を開始する。

## 理　　　　由

　一件記録によれば，債務者が支払不能の状態にあることが認められる。
　よって，主文のとおり決定する。
　なお，この決定に併せて，下記のとおり定める。

記

１　破産管財人　　　　　東京都千代田区神田須田町１丁目１０番１号　ＹＳ須田町
　　　　　　　　　　　　ビル１０階　町田法律事務所
　　　　　　　　　　　　弁護士　町田　健一
２　債権届出期間　　　　平成２５年３月１日まで
３　財産状況報告集会・計算報告集会・破産手続廃止に関する意見聴取のための集
　　会の各期日
　　　　　　　　　　　　平成２５年４月２２日午後１時３０分
４　債権調査期日　　　　平成２５年４月２２日午後１時３０分


　　　　　平成２５年１月２５日午後５時
　　　　　　　東京地方裁判所民事第２０部
　　　　　　　　　　　　裁　判　官　　樋　口　正　樹

　　　　これは正本である。
　　　　　　平成２５年１月２５日
　　　　　　　　東京地方裁判所民事第２０部
　　　　　　　　　　　裁判所書記官　　永　井　紀　子

# EXHIBIT H

[Translation]

Case number: (fu) No. 11752 of 2012

# Court Order

2-10-22, Daito, Urawa-ku, Saitama-shi, Saitama
The debtor (The bankrupt): Hiroyuki Ishida

# Conclusion

The court has decided to commence bankruptcy proceedings in respect of Hiroyuki Ishida.

# Reason

According to the documents relating to the debtor, it is found that the debtor is unable to pay his debts.[1]
Therefore, the court has come to the conclusion above.
The court has also decided the following:

1. Bankruptcy trustee
   Kenichi Machida, Attorney-at-Law
   Machida Law Office
   YS Suda-cho Bldg. 10F, 1-10-1, Kanda-Suda-cho, Chiyoda-Ku, Tokyo
2. Period for filing proofs of bankruptcy claims
   On or before March 1, 2013
3. Date of a meeting for reporting the status of property, a meeting for reporting account, and a meeting for hearing bankruptcy creditors' opinions of discontinuance of bankruptcy proceedings
   April 22, 2013 at 1:30 p.m.
4. Date of the meeting for conducting an investigation of bankruptcy claims
   April 22, 2013 at 1:30 p.m.

January 25, 2013, 5:00 p.m.
The 20th Civil Division of the Tokyo District Court
Judge Masaki Higuchi

This document is an authentic copy.
January 25, 2013
The 20th Civil Division of the Tokyo District Court
Court Clerk Noriko Nagai

---

[1]     Note from Translator: The term "unable to pay debts" is defined in the Bankruptcy Code of Japan as the condition in which a debtor, due to the lack of ability to pay, is generally and continuously unable to pay his/her debts as they become due.

## CERTIFICATE OF TRANSLATION

I, Akiko Yamada, hereby certify that I translated the attached document from Japanese to English and, to the best of my ability, it is a true and correct translation. I further certify that I am competent in both Japanese and English to render and certify such translation.

Akiko Yamada
Akiko Yamada

Sworn before me this 8th day of April, 2015.

Notary Public
Bronx County
Exp. 02/23/2019
Notary Public of New York

平成２４年（フ）第１１７５２号

決　　　　定

埼玉県さいたま市浦和区大東２丁目１０－２２
債務者（破産者）　　石田　浩之

主　　　　文

債務者石田　浩之について破産手続を開始する。

理　　　　由

一件記録によれば，債務者が支払不能の状態にあることが認められる。
よって，主文のとおり決定する。
なお，この決定に併せて，下記のとおり定める。

記

1　破産管財人　　　　　東京都千代田区神田須田町１丁目１０番１号　ＹＳ須田町
　　　　　　　　　　　ビル１０階　町田法律事務所
　　　　　　　　　　　弁護士　町田　健一
2　債権届出期間　　　　平成２５年３月１日まで
3　財産状況報告集会・計算報告集会・破産手続廃止に関する意見聴取のための集
　会の各期日
　　　　　　　　　　　平成２５年４月２２日午後１時３０分
4　債権調査期日　　　　平成２５年４月２２日午後１時３０分


　　　　　平成２５年１月２５日午後５時
　　　　　　　東京地方裁判所民事第２０部
　　　　　　　　　　　裁　判　官　　樋　　口　　正　　樹

これは正本である。
　　　　　平成２５年１月２５日
　　　　　　　東京地方裁判所民事第２０部
　　　　　　　　　　　裁判所書記官　　永　井　紀　子

# EXHIBIT I

[Translation]

Case number: (*fu*) No. 4416 of 2013

# Court Order

Address unknown
(Address on resident card): 2-6-11, Kitakojiya, Ota-ku, Tokyo
The debtor (The bankrupt): William Glasser, also known as Glasser Stephan, also known as Glasser William Stephan

# Conclusion

The court has decided to commence bankruptcy proceedings in respect of William Glasser, also known as Glasser Stephan, also known as Glasser William Stephan.

# Reason

According to the documents relating to the debtor, it is found that the debtor is unable to pay his debts.[1]
Therefore, the court has come to the conclusion above.
The court has also decided the following:

1. Bankruptcy trustee
   Kenichi Machida, Attorney-at-Law
   Machida Law Office
   YS Suda-cho Bldg. 10F, 1-10-1, Kanda-Suda-cho, Chiyoda-Ku, Tokyo
2. Period for filing proofs of bankruptcy claims
   On or before August 20, 2013
3. Date of a meeting for reporting the status of property, a meeting for reporting account, and a meeting for hearing bankruptcy creditors' opinions of discontinuance of bankruptcy proceedings
   November 18, 2013 at 1:30 p.m.
4. Date of the meeting for conducting an investigation of bankruptcy claims
   November 18, 2013 at 1:30 p.m.

July 16, 2013, 12:00 p.m.
The 20th Civil Division of the Tokyo District Court
Judge Masaki Higuchi

This document is an authentic copy.
July 16, 2013
The 20th Civil Division of the Tokyo District Court
Court Clerk Shinya Sekiguchi

---

[1]   Note from Translator: The term "unable to pay debts" is defined in the Bankruptcy Code of Japan as the condition in which a debtor, due to the lack of ability to pay, is generally and continuously unable to pay his/her debts as they become due.

## CERTIFICATE OF TRANSLATION

I, Akiko Yamada, hereby certify that I translated the attached document from Japanese to English and, to the best of my ability, it is a true and correct translation. I further certify that I am competent in both Japanese and English to render and certify such translation.

_Akiko Yamada_
Akiko Yamada

Sworn before me this 8th day of April, 2015.

_[signature]_
Notary Public

BRONX COUNTY
Exp. 02/23/2019
Notary Public of New York

平成２５年（フ）第４４１６号

決　　　　定

住居所不明
　（住民票上の住所）東京都大田区北糀谷２丁目６－１１
債務者（破産者）　　ウィリアム・グラッサーことグラッサー・ステファン
　　　　　　　　　　こと　グラッサー　ウィリアム　ステファン

主　　　　文

　債務者ウィリアム・グラッサーことグラッサー・ステファンこと　グラッサー
ウィリアム　ステファンについて破産手続を開始する。

理　　　　由

　一件記録によれば，債務者が支払不能の状態にあることが認められる。
　よって，主文のとおり決定する。
　なお，この決定に併せて，下記のとおり定める。

記

１　破産管財人　　　　東京都千代田区神田須田町１丁目１０番１号　ＹＳ須田町
　　　　　　　　　　　ビル１０階　町田法律事務所
　　　　　　　　　　　弁護士　町田　健一
２　債権届出期間　　　平成２５年８月２０日まで
３　財産状況報告集会・計算報告集会・破産手続廃止に関する意見聴取のための集
　会の各期日
　　　　　　　　　　　平成２５年１１月１８日午後１時３０分
４　債権調査期日　　　平成２５年１１月１８日午後１時３０分

　　　　　　　平成２５年７月１６日午後０時
　　　　　　　　　東京地方裁判所民事第２０部
　　　　　　　　　　　　裁　判　官　樋　口　正　樹

　　　　これは正本である。
　　　　　　　平成２５年７月１６日
　　　　　　　　　東京地方裁判所民事第２０部
　　　　　　　　　　　　裁判所書記官　関　口　晋　也

# EXHIBIT J

| No. | Date of Transfer | Amounts in JPY | Beneficiary |
|---|---|---|---|
| 1 | 2009/2/18 | 6,535,667 | WEIMAN |
| 2 | 2009/2/20 | 3,744,218 | WEIMAN |
| 3 | 2009/7/7 | 53,852,104 | SOLMET |
| 4 | 2009/7/7 | 51,055,875 | WEIMAN |
| 5 | 2009/8/7 | 10,295,678 | ALMAGANNI |
| 6 | 2009/8/7 | 10,284,336 | ALMAGANNI |
| 7 | 2009/8/7 | 16,570,335 | SOLMET |
| 8 | 2009/9/1 | 10,329,097 | ALMAGANNI |
| 9 | 2009/9/1 | 8,825,118 | WEIMAN |
| 10 | 2009/9/9 | 12,818,237 | ALMAGANNI |
| 11 | 2009/9/9 | 7,298,226 | SOLMET |
| 12 | 2009/9/9 | 4,907,730 | WEIMAN |
| 13 | 2009/9/29 | 17,898,160 | EUROMARK S.L. |
| 14 | 2009/9/29 | 23,741,847 | SERGIO LONGONI S A |
| 15 | 2009/10/1 | 21,782,277 | TAYMOBILE S.A. |
| 16 | 2009/10/27 | 4,761,062 | EUROMARK S.L. |
| 17 | 2009/10/27 | 7,004,980 | SERGIO LONGONI S A |
| 18 | 2009/10/30 | 7,970,911 | ALMAGANNI |
| 19 | 2009/10/30 | 6,746,392 | SOLMET |
| 20 | 2009/11/9 | 22,006,321 | EUROMARK S.L. |
| 21 | 2009/11/26 | 24,347,690 | SERGIO LONGONI S A |
| 22 | 2009/11/27 | 1,179,583 | SERGIO LONGONI S A |
| 23 | 2009/11/27 | 214,384 | WEIMAN |
| 24 | 2009/11/30 | 21,945,856 | EUROMARK S.L. |
| 25 | 2009/12/8 | 19,484,920 | EUROMARK S.L. |
| 26 | 2009/12/8 | 19,338,550 | SERGIO LONGONI S A |
| 27 | 2009/12/9 | 10,963,825 | EUROMARK S.L. |
| 28 | 2009/12/11 | 20,002,602 | SERGIO LONGONI S A |
| 29 | 2009/12/16 | 15,232,056 | TAYMOBILE S.A. |
| 30 | 2009/12/22 | 12,143,400 | EUROMARK S.L. |
| 31 | 2009/12/24 | 14,365,530 | ALMAGANNI |

LIST OF TRANSFERS FROM TOYO VALCOM TO THE CALIFORNIA ACCOUNTS

| 32 | 2010/1/7 | 3,710,852 | ALMAGANNI |
|---|---|---|---|
| 33 | 2010/1/7 | 4,750,588 | SOLMET |
| 34 | 2010/1/7 | 3,193,213 | WEIMAN |
| 35 | 2010/1/8 | 4,416,483 | TAYMOBILE S.A. |
| 36 | 2010/1/20 | 2,040,446 | TAYMOBILE S.A. |
| 37 | 2010/1/27 | 1,928,814 | ALMAGANNI |
| 38 | 2010/1/27 | 2,538,948 | SOLMET |
| 39 | 2010/1/27 | 941,647 | WEIMAN |
| 40 | 2010/2/2 | 2,399,869 | ALMAGANNI |
| 41 | 2010/2/2 | 1,307,028 | WEIMAN |
| 42 | 2010/2/3 | 2,026,683 | SERGIO LONGONI S A |
| 43 | 2010/2/5 | 4,557,131 | EUROMARK S.L. |
| 44 | 2010/2/10 | 3,408,005 | SERGIO LONGONI S A |
| 45 | 2010/2/19 | 4,784,924 | SERGIO LONGONI S A |
| 46 | 2010/3/3 | 16,876,746 | ALMAGANNI |
| 47 | 2010/3/3 | 28,471,291 | SOLMET |
| 48 | 2010/3/3 | 15,469,623 | WEIMAN |
| 49 | 2010/3/19 | 28,350,590 | SERGIO LONGONI S A |
| 50 | 2010/3/24 | 7,917,001 | EUROMARK S.L. |
| 51 | 2010/4/5 | 18,712,688 | SERGIO LONGONI S A |
| 52 | 2010/4/8 | 7,395,518 | ALMAGANNI |
| 53 | 2010/4/8 | 4,026,557 | WEIMAN |
| 54 | 2010/5/10 | 33,953,501 | EUROMARK S.L. |
| 55 | 2010/5/25 | 39,157,641 | EUROMARK S.L. |
| 56 | 2010/6/1 | 18,458,884 | SOLMET |
| 57 | 2010/6/1 | 13,287,552 | WEIMAN |
| 58 | 2010/7/5 | 4,952,578 | TAYMOBILE S.A. |
| 59 | 2010/7/13 | 6,117,337 | TAYMOBILE S.A. |
| 60 | 2010/7/21 | 5,966,705 | TAYMOBILE S.A. |
| Total | | 758,765,810 | |

# EXHIBIT K

| No. | Date of Transfer | Amounts in JPY | Beneficiary |
|---|---|---|---|
| | LIST OF TRANSFERS FROM NETJET TO THE CALIFORNIA ACCOUNTS | | |
| 1 | 2006/10/27 | 3,551,207 | EUROMARK S L |
| 2 | 2006/11/7 | 12,638,615 | TAY MOBILE S.A. |
| 3 | 2006/11/16 | 14,665,015 | SERGIO LONGONI S A |
| 4 | 2006/12/1 | 13,926,586 | TAY MOBILE S.A. |
| 5 | 2006/12/11 | 7,569,940 | TAY MOBILE S.A. |
| 6 | 2006/12/25 | 20,108,250 | SERGIO LONGONI S A |
| 7 | 2007/2/5 | 11,951,990 | SERGIO LONGONI S A |
| 8 | 2007/2/5 | 12,114,730 | SERGIO LONGONI S A |
| 9 | 2007/2/27 | 7,590,868 | SERGIO LONGONI S A |
| 10 | 2007/3/7 | 19,721,866 | SERGIO LONGONI S A |
| 11 | 2007/3/7 | 20,270,656 | TAY MOBILE S.A. |
| 12 | 2008/1/15 | 10,647,486 | SOLMET SPA |
| 13 | 2008/2/22 | 16,790,261 | SERGIO LONGONI S A |
| 14 | 2008/3/21 | 4,917,780 | EUROMARK S L |
| 15 | 2008/6/12 | 16,881,355 | EUROMARK S L |
| 16 | 2008/7/17 | 16,433,222 | EUROMARK S L |
| 17 | 2009/8/5 | 4,587,649 | SOLMET SPA |
| 18 | 2009/12/17 | 19,589,076 | TAY MOBILE S.A. |
| 19 | 2009/12/22 | 25,337,028 | SERGIO LONGONI S A |
| 20 | 2010/1/8 | 6,386,650 | ALMAGANNI./ |
| 21 | 2010/1/8 | 5,406,339 | SERGIO LONGONI S A |
| 22 | 2010/1/8 | 7,330,335 | SOLMET SPA |
| 23 | 2010/1/21 | 2,293,097 | SERGIO LONGONI S A |
| 24 | 2010/1/22 | 9,407,585 | EUROMARK S L |
| 25 | 2010/1/26 | 4,546,162 | SERGIO LONGONI S A |
| 26 | 2010/1/29 | 3,520,314 | EUROMARK S L |
| 27 | 2010/1/29 | 3,971,034 | SERGIO LONGONI S A |
| 28 | 2010/2/2 | 3,379,922 | SERGIO LONGONI S A |
| 29 | 2010/2/3 | 3,167,704 | SOLMET SPA |
| 30 | 2010/2/4 | 1,039,758 | ALMAGANNI./ |
| 31 | 2010/2/8 | 1,087,786 | SERGIO LONGONI S A |

| | | | |
|---|---|---|---|
| 32 | 2010/2/22 | 34,825,516 | SERGIO LONGONI S A |
| 33 | 2010/2/24 | 28,631,586 | EUROMARK S L |
| 34 | 2010/3/2 | 8,413,030 | ALMAGANNI./ |
| 35 | 2010/3/4 | 42,801,004 | SERGIO LONGONI S A |
| 36 | 2010/3/12 | 18,478,425 | EUROMARK S L |
| 37 | 2010/3/15 | 20,839,262 | SERGIO LONGONI S A |
| 38 | 2010/3/16 | 20,930,505 | SERGIO LONGONI S A |
| 39 | 2010/4/8 | 18,798,361 | EUROMARK S L |
| 40 | 2010/4/13 | 42,639,043 | SERGIO LONGONI S A |
| 41 | 2010/4/22 | 13,370,491 | SERGIO LONGONI S A |
| 42 | 2010/4/26 | 13,457,619 | SOLMET SPA |
| 43 | 2010/4/28 | 9,756,502 | ALMAGANNI./ |
| 44 | 2010/5/7 | 19,489,400 | SERGIO LONGONI S A |
| 45 | 2010/6/1 | 29,067,117 | SOLMET SPA |
| 46 | 2010/6/14 | 29,552,976 | EUROMARK S L |
| 47 | 2010/6/22 | 13,051,077 | TAY MOBILE S.A. |
| 48 | 2010/7/2 | 8,310,672 | TAY MOBILE S.A. |
| 49 | 2010/7/12 | 9,951,987 | TAY MOBILE S.A. |
| 50 | 2010/7/20 | 14,858,078 | SERGIO LONGONI S A |
| 51 | 2010/7/28 | 15,092,610 | SERGIO LONGONI S A |
| 52 | 2010/8/6 | 4,835,604 | ALMAGANNI./ |
| 53 | 2010/8/6 | 5,092,147 | TAY MOBILE S.A. |
| 54 | 2010/8/16 | 6,979,738 | SERGIO LONGONI S A |
| 55 | 2010/9/3 | 48,702,636 | SERGIO LONGONI S A |
| 56 | 2010/9/8 | 44,620,827 | TAY MOBILE S.A. |
| 57 | 2010/9/8 | 21,131,835 | TAY MOBILE S.A. |
| 58 | 2010/10/4 | 20,937,788 | SERGIO LONGONI S A |
| 59 | 2011/1/12 | 1,916,985 | SOLMET SPA |
| 60 | 2011/2/10 | 19,232,647 | SOLMET SPA |
| 61 | 2011/2/10 | 26,265,556 | SOLMET SPA |
| 62 | 2011/5/11 | 24,849,129 | ALLIED CENTURIES,/ |
| 63 | 2011/5/18 | 20,383,386 | ALLIED CENTURIES,/ |
| Total | | 968,093,805 | |

# EXHIBIT L

[Translation]

## Bankruptcy Act of Japan

(Avoidance of Acts Prejudicial to Bankruptcy Creditors)

Article 160  (1) The following acts (excluding acts concerning the provision of security or extinguishment of debt) may be avoided in the interest of the bankruptcy estate after the commencement of bankruptcy proceedings:

(i) An act conducted by the bankrupt while knowing that it would prejudice bankruptcy creditors; provided, however, that this shall not apply where the person who has benefited from said act did not know, at the time of the act, the fact that it would prejudice any bankruptcy creditor.

(ii) An act that would prejudice bankruptcy creditors conducted by the bankrupt after suspension of payments or filing of a petition for commencement of bankruptcy proceedings (hereinafter referred to as "suspension of payments, etc." in this Section) took place; provided, however, that this shall not apply where the person who has benefited from said act did not know, at the time of the act, the fact that suspension of payments, etc. had taken place nor the fact that the act would prejudice any bankruptcy creditor.

(2) With respect to an act concerning the extinguishment of debt conducted by the bankrupt, if the value of the performance received by the creditor exceeds the amount of the debt extinguished by said act, and said act satisfies any of the requirements listed in the items of the preceding paragraph, such act may be avoided in the interest of the bankruptcy estate after the commencement of bankruptcy proceedings only with regard to the part other than the part equivalent to the amount of the debt extinguished.

(3) Any gratuitous act, or any onerous act that should be deemed to be equal to such an act, conducted by the bankrupt after or within six months prior to suspension of payments, etc. may be avoided in the interest of the bankruptcy estate after the commencement of bankruptcy proceedings.

(Avoidance of Acts of Disposing of Property Conducted While Receiving Reasonable Value)

Article 161  (1) When the bankrupt, after conducting an act of disposing of his/her property, has received a reasonable value from the other party to said act, the act may be avoided in the interest of the bankruptcy estate after the commencement of bankruptcy proceedings, if it satisfies all of the following requirements:

(i) The act has the actual risk that the bankrupt would conceal, gratuitously convey or otherwise dispose of the property in a manner prejudicial to bankruptcy creditors (hereinafter referred to as "concealment or other disposition" in this Article and Article 168(2) and (3)) by realizing real property or otherwise changing the type of property by way of such disposition.

(ii) The bankrupt, at the time of the act, had the intention of conducting concealment or other disposition of the money or any other property that he/she received as a value for the act.

(iii) The other party, at the time of the act, knew that the bankrupt had the intention of conducting concealment or other disposition set forth in the preceding item.

(2) For the purpose of application of the provision of the preceding paragraph, if the other party to the act in question is any of the following persons, the other party shall be presumed to have known, at the time of the act, that the bankrupt had the intention of conducting concealment or other disposition set forth in item (ii) of said paragraph:

(i) In cases where the bankrupt is a juridical person, its director, executive officer, inspector, auditor, liquidator or any other person equivalent thereto

(ii) In cases where the bankrupt is a juridical person, a person who falls under any of the categories of persons listed in (a) to (c) below in relation to the bankrupt:

(a) In cases where the bankrupt is a stock company, a person who holds the majority of voting rights of all shareholders of the bankrupt

(b) In cases where the bankrupt is a stock company, and the majority of voting rights of all shareholders of the bankrupt are held independently by a subsidiary stock company of a parent juridical person or jointly by a parent juridical person and its subsidiary stock company, the parent juridical person

(c) In cases where the bankrupt is a juridical person other than a stock company, a person equivalent to those set forth in (a) or (b)

(iii) The bankrupt's relative or a person living together with the bankrupt

(Avoidance of Provision of Security, etc. to Specific Creditors)

Article 162  (1) The following acts (limited to acts concerning the provision of security or extinguishment of debt conducted with regard to an existing debt) may be avoided in the interest of the bankruptcy estate after the commencement of bankruptcy proceedings:

(i) An act conducted by the bankrupt after he/she became unable to pay debts or a petition for commencement of bankruptcy proceedings was filed; provided, however, that this

shall apply only where the creditor, at the time of the act, knew either of the facts set forth in (a) or (b) below for the cases listed in (a) or (b), respectively:

> (a) Where the act was conducted after the bankrupt became unable to pay debts: The fact that the bankrupt was unable to pay debts or suspended payments

> (b) Where the act was conducted after a petition for commencement of bankruptcy proceedings was filed: The fact that a petition for commencement of bankruptcy proceedings was filed

> (ii) An act that is not included in the scope of the bankrupt's obligation in terms of the act itself or the time of performance of the act, which was conducted within 30 days before the bankrupt became unable to pay debts; provided, however, that this shall not apply if the creditor did not know, at the time of the act, the fact that it would prejudice other bankruptcy creditors.

(2) For the purpose of application of the provision of item (i) of the preceding paragraph, in the following cases, the creditor shall be presumed to have known, at the time of the act set forth in said item, either of the facts set forth in (a) or (b) below for the cases listed in (a) or (b), respectively (in the case set forth in (a) of said item, both the facts that the bankrupt was unable to pay debts and that the bankrupt suspended payments):

> (i) Where the creditor is any of the persons listed in the items of paragraph (2) of the preceding Article

> (ii) Where the act set forth in item (i) of the preceding paragraph is not included in the scope of the bankrupt's obligation in terms of the act itself or the method or time of performance of the act

(3) For the purpose of application of the provisions of the items of paragraph (1), after suspension of payments took place (limited to suspension that took place within one year prior to the filing of a petition for commencement of bankruptcy proceedings), the bankrupt shall be presumed to have been unable to pay debts.

## CERTIFICATE OF TRANSLATION

I, Akiko Yamada, hereby certify that I translated the attached document from Japanese to English and, to the best of my ability, it is a true and correct translation. I further certify that I am competent in both Japanese and English to render and certify such translation.

Akiko Yamada
Akiko Yamada

Sworn before me this ᴬth day of April, 2015.

Notary Public

BRONX COUNTY
exp. 02/23/2019
Notary Public of New York

<u>破産法</u>

（破産債権者を害する行為の否認）

第百六十条　次に掲げる行為（担保の供与又は債務の消滅に関する行為を除く。）は、破産手続開始後、破産財団のために否認することができる。

　　　一　破産者が破産債権者を害することを知ってした行為。ただし、これによって利益を受けた者が、その行為の当時、破産債権者を害する事実を知らなかったときは、この限りでない。

　　　二　破産者が支払の停止又は破産手続開始の申立て（以下この節において「支払の停止等」という。）があった後にした破産債権者を害する行為。ただし、これによって利益を受けた者が、その行為の当時、支払の停止等があったこと及び破産債権者を害する事実を知らなかったときは、この限りでない。

2　破産者がした債務の消滅に関する行為であって、債権者の受けた給付の価額が当該行為によって消滅した債務の額より過大であるものは、前項各号に掲げる要件のいずれかに該当するときは、破産手続開始後、その消滅した債務の額に相当する部分以外の部分に限り、破産財団のために否認することができる。

3　破産者が支払の停止等があった後又はその前六月以内にした無償行為及びこれと同視すべき有償行為は、破産手続開始後、破産財団のために否認することができる。

（相当の対価を得てした財産の処分行為の否認）

第百六十一条　破産者が、その有する財産を処分する行為をした場合において、その行為の相手方から相当の対価を取得しているときは、その行為は、次に掲げる要件のいずれにも該当する場合に限り、破産手続開始後、破産財団のために否認することができる。

　　　一　当該行為が、不動産の金銭への換価その他の当該処分による財産の種類の変更により、破産者において隠匿、無償の供与その他の破産債権者を害する処分（以下この条並びに第百六十八条第二項及び第三項において「隠匿等の処分」という。）をするおそれを現に生じさせるものであること。

　　　二　破産者が、当該行為の当時、対価として取得した金銭その他の財産について、隠匿等の処分をする意思を有していたこと。

　　　三　相手方が、当該行為の当時、破産者が前号の隠匿等の処分をする意思を有していたことを知っていたこと。

2　前項の規定の適用については、当該行為の相手方が次に掲げる者のいずれかであるときは、その相手方は、当該行為の当時、破産者が同項第二号の隠匿等の処分をする意思を有していたことを知っていたものと推定する。

　　一　破産者が法人である場合のその理事、取締役、執行役、監事、監査役、清算人又はこれらに準ずる者

　　二　破産者が法人である場合にその破産者について次のイからハまでに掲げる者のいずれかに該当する者

　　　　イ　破産者である株式会社の総株主の議決権の過半数を有する者

　　　　ロ　破産者である株式会社の総株主の議決権の過半数を子株式会社又は親法人及び子株式会社が有する場合における当該親法人

　　　　ハ　株式会社以外の法人が破産者である場合におけるイ又はロに掲げる者に準ずる者

　　三　破産者の親族又は同居者

（特定の債権者に対する担保の供与等の否認）

第百六十二条　次に掲げる行為（既存の債務についてされた担保の供与又は債務の消滅に関する行為に限る。）は、破産手続開始後、破産財団のために否認することができる。

　　一　破産者が支払不能になった後又は破産手続開始の申立てがあった後にした行為。ただし、債権者が、その行為の当時、次のイ又はロに掲げる区分に応じ、それぞれ当該イ又はロに定める事実を知っていた場合に限る。

　　　　イ　当該行為が支払不能になった後にされたものである場合　支払不能であったこと又は支払の停止があったこと。

　　　　ロ　当該行為が破産手続開始の申立てがあった後にされたものである場合　破産手続開始の申立てがあったこと。

　　二　破産者の義務に属せず、又はその時期が破産者の義務に属しない行為であって、支払不能になる前三十日以内にされたもの。ただし、債権者がその行為の当時他の破産債権者を害する事実を知らなかったときは、この限りでない。

2　前項第一号の規定の適用については、次に掲げる場合には、債権者は、同号に掲げる行為の当時、同号イ又はロに掲げる場合の区分に応じ、それぞれ当該イ又はロに定める事実（同号イに掲げる場合にあっては、支払不能であったこと及び支払の停止があったこと）を知っていたものと推定する。

　　一　債権者が前条第二項各号に掲げる者のいずれかである場合

　　二　前項第一号に掲げる行為が破産者の義務に属せず、又はその方法若しくは時期が破産者の義務に属しないものである場合

3　第一項各号の規定の適用については、支払の停止（破産手続開始の申立て前一年以内のものに限る。）があった後は、支払不能であったものと推定する。

# EXHIBIT M

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

In re Application of KENICHI MACHIDA (AS ) 
TRUSTEE IN BANKRUPTCY OF SHINGI ) Case No. 1:15-mc-21483
NISHIDA) for an Order Pursuant to 28 U.S.C. § )
1782 to Obtain Discovery for Use in a Foreign )
Proceeding. )

**APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782**
**TO OBTAIN DISCOVERY FOR USE IN A FOREIGN PROCEEDING**

Kenichi Machida ("Applicant"), an individual and citizen of Japan, respectfully petitions

this Court on an *ex parte* basis for an order pursuant to 28 U.S.C. § 1782, and Rules 26 and 34 of

the Federal Rules of Civil Procedure, compelling Continental National Bank of Miami, Bank of

America, and Wachovia Bank (the "Banks"), financial institutions located in and conducting

business within this District, to produce discovery for use in a Japanese bankruptcy proceeding.

It is appropriate for this Court to issue the Order on an *ex parte* basis, without prejudice to the

rights of the subpoenaed parties to file a motion to vacate or quash. *See In re Clerici*, 481 F.3d

1324, 1329-30 (11th Cir. 2007).

## I.    INTRODUCTION

Applicant is a Bankruptcy Trustee in a bankruptcy proceeding, Case No. 134 of 2014,

currently pending in the 20th Civil Division of the Tokyo District Court in Japan in respect of

debtor Shingi Nishida, also known as Nobuyoshi Nishida ("Nishida") (the "Foreign Proceeding").

Attached to the accompanying Declaration of Kenichi Machida dated April 15, 2015 ("the

Machida Declaration") as Exhibit A is the Court Order by which the Japanese court commenced

bankruptcy proceedings in respect of Nishida, and Exhibit B is provisions of the Bankruptcy Act

of Japan in relation to Bankruptcy Trustee.

## II.    BACKGROUND

### A.    Fraud and Illegal Transfer from Japan to the United States

Debtor Nishida, in conspiracy with other individuals, illegally defrauded various financial institutions and obtained their money by asking for loans ostensibly to cover the payment of various debts by corporate entities owned or controlled by Nishida. Then, Nishida and the Conspirators (defined below) transferred the funds thus obtained to various bank accounts in the United States, including accounts in this District. Upon information and belief, the corporate entities were insolvent at the time of the funds transfer – or were sham entities without substantive business or assets and no employees at the time.

### B.    Conspirators

These companies owned or controlled by Nishida include Toyo Valcom Ltd. ("Toyo Valcom"), Netjet Japan Limited ("Netjets"), Western Jet Corp. ("Western Jet") and Tyrell Technodyne Ltd. ("Tyrell Technodyne"). These entities also have entered bankruptcy proceedings, and Applicant has been appointed as the bankruptcy trustee in these cases as well. Attached to the Machida Declaration as Exhibits C to F are the Court Orders by which the Japanese court commenced bankruptcy proceedings in respect of these entities.

Nishida's individual conspirators include Tomoko Fukuda ("Fukuda"), Hiroyuki Ishida ("Ishida") and Glasser William Stephen ("Stephen", and together with Toyo Valcom, Netjets, Western Jet, Tyrell Technodyne, Fukuda and Ishida, the "Conspirators"). These individuals entered bankruptcy proceedings as well, and Applicant has been appointed the bankruptcy trustee in these cases too. Attached to the Machida Declaration as Exhibits G to I are the Court Orders by which the Japanese court decided to commence bankruptcy proceedings in respect of these individuals.

2

### C.    False Names

Upon information and belief, in the course of the conspiracy, Nishida has identified himself under various assumed names, which include "Toshio Okada," "Toru Owada," "Yoshihiro Ishida," and "Kunihiro Asada." Fukuda also has identified herself as "Tomoko Yamaguchi." ("Tomoko Yamaguchi" is Fukuda's maiden name.) Ishida has identified himself falsely as "Koichi Uchida," "Kentaro Hishida," and "Yuichiro Tamura." Stephen has identified himself falsely as "William Glasser." All of the foregoing names shall be referred to as the "False Names."

### D.    Alternative Corporate False Names

Toyo Valcom also has been identified under different names, which include "Toyo Diplomat" and "Singy International." Netjets also has been identified under different false names, "Gilmore Trust Limited" and "Beauty Salon Kei." All of the foregoing names shall be referred to as the "Alternative Corporate Names."

### E.    Bank Accounts

Upon information and belief, Nishida and the Conspirators transferred money fraudulently obtained to various bank accounts in the United States in this District in the names of alter ego companies owned and controlled by Nishida or in the names of entities otherwise related or transacted with Nishida. This includes the following bank accounts:

(1)    account number 20016760 in the name of Seaburg Enterprises at Continental National Bank of Miami located at 240 East Flagler Street, Miami, Florida 33131;

(2)    account number 003763270404 in the name of Trident Development at Bank of America located at 1 Southeast 3rd Avenue, Miami, Florida 33131; and

3

(3)     account number 2000025740521 in the name of Oxnard Associates at Wachovia
        Bank located at 100 East Flagler Street, Miami, Florida 33131.

For example, from February 2009 through June 2010, Toyo Valcom made at least
twenty-four transfers to the Florida accounts totaling 469,661,726 Japanese yen ($3,869,668
USD). In addition, from October 2006 through May 2011, Netjets made thirty-six transfers to
the Florida accounts totaling 598,885,460 JPY ($4,982,915.93USD). Attached to the Machida
Declaration as Exhibits J and K are summary charts listing the transfers made by Toyo Valcom
and Netjets to the Florida Accounts.

Applicant became aware of these U.S. bank accounts after he made inquiries to the
Japanese banks in which Nishida and the Conspirators maintained accounts and Applicant
inquired where and to whom funds were transferred out of Nishida and the conspirators'
Japanese bank accounts. *See* the Machida Declaration at ¶ 13.

Japan's Bankruptcy Act permits a trustee to avoid, among other things: (1) transfers
prejudicial to the creditors when made knowingly that it would be prejudicial, and (2)
preferential transfers favoring one creditor over other creditors. *See* the Machida Declaration at
¶ 14. Attached to the Machida Declaration as Exhibit L are provisions of the Bankruptcy Act of
Japan in relation to avoidance.

## III.   DISCOVERY REQUESTED

Through this Application, Applicant seeks from the Banks the following documents for
all accounts bearing the signatory authority of Nishida , the Conspirators, the False Names, the
Alternative Corporate Names, Seaburg Enterprises, Trident Development, or Oxnard Associates,
and/or bearing the account numbers 20016760 (at Continental National Bank), 003763270404 (at

4

Bank of America, N.A.), and 2000025740521 (at Wachovia Bank), for the period February 1, 2009 through the present, including but not limited to:

1.    All documents pertaining to all open or closed checking, savings, NOW, Time, or other deposit or checking accounts in the name of or under signature authority of any of the named parties or entities, including but not limited to:

    a.  Signature cards

    b.  Corporate board authorization minutes or partnership resolutions

    c.  Bank statements

    d.  Canceled checks

    e.  Deposit tickets

    f.  Items deposited

    g.  Credit and debit memos

    h.  Form 1099, 1089, or back-up withholding documents

2.    All documents pertaining to open or closed bank loans or mortgage documents, reflecting loans made to or co-signed by any of the named parties or entities, including but not limited to:

    a.  Loan applications

    b.  Corporate board authorization minutes or partnership resolutions

    c.  Loan ledger sheets

    d.  Documents (checks, debit memos, cash in tickets, wires in, etc.,) reflecting the means by which loan repayments were made

    e.  Documents (bank checks, credit memos, cash out tickets, wires out, etc.,) reflecting disbursement of the loan proceeds

    f.  Loan correspondence files, including but not limited to:

        i.    Letters to the bank

        ii.   Letters from the bank

        iii.  Notes, memoranda, etc. to the file

    g.  Collateral agreements and documents

    h.  Credit reports

    i.  Financial statements

    j.  Notes or other instruments reflecting the obligation to pay

    k.  Real estate mortgages, chattel mortgages or other security instruments for loans

    l.  Forms 1099, 1089 or back-up withholding documents

    m. Loan amortization statements

3.      All documents pertaining to Certificates of Deposit purchased or redeemed by any of the named parties or entities, including but not limited to:

    a.  Copies of the certificates

    b.  Corporate board authorization minutes or partnership resolutions

    c.  Documents (checks, debit memos, cash in tickets, wires in, etc.,) reflecting the means by which CDS were purchased

    d.  Documents (bank checks, credit memos, cash out tickets, wires out, etc.,) reflecting disbursement of the proceeds of any negotiated CDS

    e.  Records reflecting interest earned, withdrawn or reinvested

    f.  Records reflecting roll-overs

    g.  Forms 1099, 1089 or back-up withholding documents

4.      All documents pertaining to open or closed investment or security custodian accounts, IRA, Keogh or other retirement plans in the name of or for the benefit of any of the named parties or entities, including but not limited to:

    a.  Documents (checks, debit memos, cash in tickets, wires in, etc.,) reflecting the means by which the securities were purchased

    b.  Documents (bank checks, credit memos, cash out tickets, wires out, etc.,) reflecting disbursement of the proceeds of any negotiated securities

    c.  Confirmation slips

    d.  Monthly statements

    e.  Payment receipts

    f.  Safekeeping records and logs

    g.  Receipts for receipt or delivery of securities

    h.  Forms 1099, 1089 or back-up withholding documents

5.      Customer correspondence files for each of the named parties and entities.

6. All documents pertaining to all Cashier's, Manager's, or Bank Checks, Traveler's Checks, and Money Orders purchased or negotiated by any of the named parties or entities, including but not limited to:

    a. Documents (checks, debit memos, cash in tickets, wires in, etc.,) reflecting the means by which the checks or money orders were purchased
    b. Documents (bank checks, credit memos, cash out tickets, wires out, etc.,) reflecting disbursements of the proceeds of any negotiated checks or money orders
    c. Applications for purchase of checks or money orders
    d. Retained copies of negotiated checks or money orders

7. All documents pertaining to wire transfers sent or received by any of the named parties or entities, including but not limited to:

    a. Fed Wire, CHIPS, SWIFT, or other money transfer of message documents
    b. Documents (checks, debit memos, cash in tickets, wires in, etc.,) reflecting the source of the funds wired out
    c. Documents (bank checks, credit memos, cash out tickets, wires out, etc.,) reflecting the ultimate disposition within the bank of the funds wired in
    d. Notes, memoranda or other writings pertaining to the sending or receipt of wire transfers

8. All documents pertaining to current or expired safe deposit box rentals by or under the signatory authority of any of the names parties or entities, including but not limited to:

    a. Contracts
    b. Entry records

9. All documents pertaining to open or closed bank credit cards in the name of or under the signatory authority of any of the named parties or entities, including but not limited to:

    a. Applications for credit
    b. Corporate board authorization minutes or partnership resolutions
    c. Credit reports
    d. Monthly statements
    e. Financial statements
    f. Documents (checks, debit memos, cash in tickets, wires in, etc.,) reflecting payments on the account
    g. Correspondence files

7

10.     Teller tapes reflecting all transactions between the bank and any of the parties or entities named.

11.     All CTRs (Forms 4789) and CMIRs (Form 4790) filed with the Department of Treasury, Internal Revenue Service or the United States Customs Service by the Banks for the period February 1, 2009 through the present concerning currency transactions conducted by or on behalf of the named parties or entities.

All these documents are sought in the proposed subpoenas *duces tecum* sought to be issued by this Court pursuant to this Application. *See* Machida Declaration, Exhibit M.

## IV.     **RELIEF REQUESTED**

Applicant respectfully requests that this Court enter an Order pursuant to § 1782: (1) exercising its discretion and granting this Application for Judicial Assistance; (2) ordering that discovery taken pursuant to this Application and Order will be governed by the Federal Rules of Civil Procedure and the Local Rules of this Court; (3) granting Applicant leave to conduct discovery pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court, including, but not limited to, leave to serve subpoenas, in substantially similar form as the sample subpoena attached as Exhibit M to the Machida Declaration, and take testimony; (4) to facilitate any testimony given in connection with this Application and Court Order, appointing Applicant as a person with the power to administer any necessary oath and take testimony or a statement; (5) compelling the production of documents listed above within thirty (30) days of service of a subpoena commanding production of those documents; and (2) ordering the Banks to preserve any documents potentially relevant to the Foreign Proceeding; and (7) providing any other relief this Court deems just and proper.   A proposed Order is attached to the Machida Declaration as Exhibit N.

8

Applicant meets all the statutory criteria for issuance of an Order allowing the requested

discovery under 28 U.S.C. § 1782. Documents concerning debtor Nishida's assets are directly

relevant to the Foreign Proceeding. As Bankruptcy Trustee in that proceeding, Applicant is an

"interested person." The targets of this discovery, the Banks, are all found within this district.

Moreover, as set forth below, all of the discretionary factors that this Court may consider

likewise favor granting this *ex parte* application. *See, e.g., Marubeni America Corp. v. LBA Y.K.*,

335 Fed. Appx. 95 (2d Cir. 2009) (holding that the district court did not abuse its discretion or

err in granting petitioner's application for discovery, pursuant to 28 U.S.C. § 1782, to produce

evidence for use in its suit against respondent in Japan where the evidence sought by petitioner

was available in the United States and the requirements for discovery under the statute were met).

## V.     **ARGUMENT**

### A.     **Authority to Order Discovery**

28 U.S.C. § 1782 provides, in pertinent part:

> The district court of the district in which a person resides or is found may order
> him to give his testimony or statement or to produce a document or other thing for
> use in a proceeding in a foreign or international tribunal including criminal
> investigations conducted before formal accusation. The order may be made
> pursuant to a letter rogatory issued, or request made, by a foreign or international
> tribunal or upon the application of any interested person and may direct that the
> testimony or statement be given, or the document or other thing be produced,
> before a person appointed by the court … The order may prescribe the practice
> and procedure, which may be in whole or part the practice and procedure of the
> foreign country or the international tribunal, for taking the testimony or statement
> or producing the document or other thing.  To the extent that the order does not
> prescribe otherwise, the testimony or statement shall be taken, and the document
> or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28. U.S.C. § 1782(a).

28 U.S.C. § 1782(a) provides that district courts may order persons found or residing

within their district "to give testimony or statement or to produce a document or other thing for

use in a proceeding in a foreign or international tribunal." Since 1948, "Congress [has] substantially broadened the scope of assistance federal courts could provide for foreign proceedings," pursuant to § 1782. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247-48 (2004); *see Lo Ka Chun v. Lo To*, 858 F.2d 1564 (11th Cir. 1988) ("The history of Section 1782 reveals Congress' wish to strengthen the power of district courts to respond to requests for international assistance."). Congress intended § 1782 to build goodwill by accommodating the needs of foreign courts and litigants, and "purposefully engineered" the statute as "as one-way street" to "grant wide assistance to others, but demand[ing] nothing in return." *Euromepa, S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1097 (2d Cir. 1995). Congress intentionally granted the district courts broad discretion in granting judicial assistance under § 1782. *In re Application of Consorcio Ecuatoriano de Telecommunicaciones S.A.*, 685 F.3d 987, 998 (11th Cir. 2012); *see In re Clerici*, 481 F.3d 1324, 1331 (11th Cir. 2007); *United Kingdom v. United States*, 238 F.3d 1312, 1319 (11th Cir. 2001). A district court should consider a § 1782 request in light of the statute's "twin aims of providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts." *Euromepa, S.A.*, 51 F.3d at 1097 (citing *In re Malev Hungarian Airlines*, 964 F.2d 97, 100 (2d Cir. 1992)).

A district court has authority to grant an application for judicial assistance pursuant to § 1782 if the following statutory requirements are met: (1) the person from whom discovery is sought must reside and be found in the district of the district court; (2) the request must seek evidence, whether it be the "testimony or statement" of a person or the production of "a document or other thing;" (3) the request must be made "by a foreign or international tribunal," or by "any interested person;" and (4) the evidence must be "for use in a proceeding in a foreign

10

or international tribunal." 28 U.S.C. § 1782(a); *see In re Clerici*, 481 F.3d at 1332. If these requirements are met, then § 1782 "authorizes, but does not require a federal district court to provide assistance." *Intel*, 542 U.S. at 255. The Supreme Court has cautioned lower courts against reading any additional requirements into the statute's application. *See Intel*, 542 U.S. at 255 (advising lower courts to resist placing additional "categorical limitations ... on the statute's reach."); *see also In re Aldunate*, 3 F.3d 54, 59 (2d Cir. 1993) ("[W]e are not free to read extra-statutory barriers to discovery into section 1782.").

**B.     Applicant's Application Satisfies Section 1782's Statutory Requirements**

Applicant's request for discovery satisfies § 1782's statutory prerequisites.

First, the Banks maintain branches in this Court's district at 240 East Flagler Street, Miami, Florida 33131 (Continental National Bank of Miami); 1 Southeast 3rd Avenue, Miami, Florida 33131 (Bank of America); and (3) 100 East Flagler Street, Miami, Florida 33131 (Wachovia Bank). Clearly, the Banks are "found" within this Court's district for purposes of § 1782. *See, e.g., In re Inversionesy Gasolinera Petroleos Valenzuela*, 2011 U.S. Dist. LEXIS 5201, at *24 (S.D. Fla. Jan. 19, 2011) (Exxon is "found" in the Southern District of Florida under § 1782, even though its headquarters and place of incorporation are not in that district.).

Second, the request seeks the production of documents as evidence of funds which may belong to the debtor's bankruptcy estate.

Third, Applicant, as the court-appointed Bankruptcy Trustee in the Foreign Proceeding, is most definitely an "interested person" under the statute.

Fourth, and finally, Applicant seeks discovery for use in a Japanese bankruptcy proceeding that is currently pending before the 20th Civil Division of the Tokyo District Court in Japan, a "foreign tribunal" under 28 U.S.C. § 1782. *See Intel*, 542 U.S at 258 ("[t]he term

11

'tribunal' ... includes investigating magistrates, administrative and arbitral tribunals, and quasi-judicial agencies, as well as conventional civil, commercial, criminal, and administrative courts."); *see also Lancaster Factoring Co. v. Mangone*, 90 F.3d 38, 42 (2d Cir. 1996) ("A bankruptcy proceeding, by its nature, is one in which the value of the debtor's estate is adjudicated. Such a proceeding is within the intended scope of § 1782.").

The elements necessary to permit the Court to order discovery pursuant to 28 U.S.C. § 1782 are all present here.

### C. The Court Should Exercise Its Discretion to Grant Applicant the Discovery He Seeks

"Once the statutory requirements [of 28 U.S.C. § 1782] are met, the district court is free to grant discovery in its discretion." *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 83-84 (2d Cir. 2004). The Supreme Court has identified a number of factors that courts are to consider in ruling on a § 1782 application: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceeding underway abroad, and the receptivity of the foreign court to federal-court assistance; (3) whether the application conceals an attempt to circumvent foreign proof – gathering restrictions of a foreign country; and (4) whether the application is unduly intrusive or burdensome. *See Intel Corp.*, 542 U.S. at 264-65; *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 80-81 (2d Cir. 2012). Here, all of these factors weigh in favor or granting Applicant's application.

First, where, as here, discovery is sought from a party that is not participating in the foreign proceeding, the need for court-ordered discovery is apparent. As the Supreme Court explained: "A foreign tribunal has jurisdiction over those appearing before it, and can itself order

12

them to produce evidence. In contrast, nonparticipants in the foreign proceeding may be outside

the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States,

may be obtainable absent § 1782 aid." *Intel*, 542 U.S at 264 (internal citations omitted). The

Banks are not parties to the Foreign Proceeding and, thus, the judge in Japan has no jurisdiction

to acquire from the Banks the document discovery that Applicant seeks here.

The second factor identified by the Supreme Court – the nature of the foreign proceeding

and the receptivity of the foreign tribunal to federal court assistance – requires courts to consider

"(1) whether United States assistance would offend the foreign country, and (2) whether the

material sought is admissible in the foreign tribunal." *In re Application of Gemeinshcaftspraxis*

*Dr. Med. Schottodorf,* No. M 19-88, 2006 U.S. Dist. LEXIS 94161, at *20 (S.D.N.Y. Dec. 29,

2006). In weighing these elements, courts may only rely on "authoritative proof." *Euromepa*

*S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1100 (2d Cir. 1995). Here, there is no evidence that the

discovery sought in this application would "offend" Japan or its procedures. Nor, is there any

indication that the documents sought would be inadmissible in the Foreign Proceeding. To the

contrary, the documents consist of bank records that are relevant to the whereabouts of debtor

Nishida's assets, a main issue in the Japanese Bankruptcy Proceeding. Given their relevance to

the Foreign Proceeding, Applicant believes that these documents will be considered. This factor

thus weighs in favor of granting Applicant's application.

The third factor also suggests that discovery should be granted, as this application is not

an attempt to circumvent any foreign proof-gathering restrictions. It does not violate any

Japanese restrictions on gathering evidence. In addition, the Applicant has a good faith basis for

believing that he will be able to use these materials in the Foreign Proceeding. *See Marubeni*

*America Corp. v. LBA Y.K.*, 335 Fed. Appx. 95 (2d Cir. 2009) (pointing out that, in *Intel*, the

13

Supreme Court expressly declined to adopt a rule requiring parties seeking discovery under §
1782 to demonstrate that the information would be discoverable in the foreign jurisdiction.)

Finally, this application is not burdensome. The requests are tailored to include only
materials related to certain bank accounts. Moreover, the documents sought would all be kept in
the ordinary course of business, and lend themselves to easy identification and production.

All of the factors the Supreme Court has identified militate in favor of the Court
exercising its discretion to grant Applicant the discovery he seeks.

## VI.     THE COURT SHOULD GRANT APPLICANT'S APPLICATION *EX PARTE*

It is appropriate for this Court to issue the Order on an *ex parte* basis, without prejudice
to the rights of the subpoenaed parties to file a motion to vacate or quash. *See In re Clerici*, 481
F.3d 1324, 1329-30 (11th Cir. 2007) (*ex parte* order granted one day after § 1782 application
filed); *In re Trinidad and Tobago*, 848 F.2d 1151, 1152 (11th Cir. 1988) (affirming ex parte
order under § 1782), *overruled* on other grounds in *Intel*, 542 U.S. 241; *In re Esses*, 101 F.3d 873,
874 (2d Cir. 1996) (affirming grant of *ex parte* order under § 1782).

## VII.    THE BANKS SHOULD PRESERVE RELEVANT EVIDENCE

To the extent that the requested evidence may be discarded or deleted, manually or
automatically, the Banks should be directed to preserve all such potentially relevant evidence.
*See Telecton, Inc. v. Overhead Door Corp.*, 116 F.R.D. 107, 127 (S.D. Fla. 1987) (noting that a
litigant has "a duty to preserve what it knows, or reasonably should know, is relevant in the
action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably
likely to be requested during discovery, and/or is the subject of a pending discovery request").
Any issues that the Bank may have with the proposed discovery can be addressed in response to
the requested discovery. *See, e.g., In re Clerici*, 481 F.3d at 1329 (affirming district court's

14

denial of motion to vacate order granting *ex parte* application for discovery pursuant to 28 U.S.C. § 1782).

## CONCLUSION

Applicant respectfully requests that this Court grant this application pursuant to 28 U.S.C. § 1782, and Rules 26 and 34 of the Federal Rules of Civil Procedure, and issue an Order in the form attached to the Machida Declaration as Exhibit N.

Dated: April 21, 2015

Respectfully submitted,

*Attorneys for Applicant*
Kenichi Machida

**SAITO SORENSON LLP**
Yasuhiro Saito (*pro hac* to be filed)
saito@saitosorenson.com
565 Fifth Avenue, 7th Floor
New York, NY 10017
(212) 880-9559

**ASTIGARRAGA DAVIS MULLINS**
**& GROSSMAN, P.A.**
1001 Brickell Bay Dr., 9th Floor
Miami, Florida 33131
Telephone: (305) 372-8282
Facsimile: (305) 372-8202

By:     /s/ Nyana Abreu Miller
Edward M. Mullins (Fla. Bar No. 863920)
emullins@astidavis.com
Nyana Abreu Miller (Fla. Bar No. 92903)
nmiller@astidavis.com

15

# EXHIBIT N

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

In re Application of KENICHI MACHIDA (AS )
TRUSTEE IN BANKRUPTCY OF SHINGI )   Case No. 15-mc-21483
NISHIDA) for an Order Pursuant to 28 U.S.C. § )
1782 to Obtain Discovery for Use in a Foreign )
Proceeding. )

### ORDER GRANTING *EX PARTE* APPLICATION PURSUANT TO
### 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FOR USE IN A FOREIGN PROCEEDING

THIS MATTER is before the Court upon the *Ex Parte* Application for an Order to Obtain

Discovery for Use in a Foreign Proceeding Pursuant to 28 U.S.C. § 1782, and Rules 26 and 34 of

the Federal Rules of Civil Procedure (the "Application") filed by Kenichi Machida (the

"Applicant"). .

The Court has reviewed the Application, the Declaration of Kenichi Machida and the

exhibits attached thereto, and the relevant case law, and being otherwise fully advised in the

matter, finds as follows:

A.       Applicant has met the requirements under 28 U.S.C. § 1782 for granting the

requested judicial assistance and relief.

B.       For purposes of the instant Application, the following financial institutions,

persons, and corporate entities reside or are found in the Southern District of Florida: Continental

National Bank, Bank of America, N.A. and Wells Fargo Bank, f/k/a Wachovia Bank, N.A.

(collectively, the "Respondents").

C.       The documentary and testimonial discovery sought through this Application is for

use in a bankruptcy proceeding, Case No. 134 of 2014, currently pending in the 20th Civil

Division of the Tokyo District Court in Japan in respect of debtor Shingi Nishida, also known as Nobuyoshi Nishida ("Nishida") (the "Foreign Proceeding").

      D.      The Applicant, in his capacity as a trustee to foreign bankruptcy proceedings, is an interested person within the meaning of the statute.

      E.      The discretionary factors, as described by the United States Supreme Court in Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247 (2004), weigh in favor of granting the requested assistance.

      F.      More particularly: (1) the Respondents are not parties in the proceedings in Japan; (2) there is no indication that the Japanese courts would not be receptive to U.S. federal-court judicial assistance as requested in the Application; (3) the Application does not conceal an attempt to circumvent foreign proof-gathering restrictions; and (4) the Application seeks discovery that is not unduly intrusive or burdensome as the Application requests evidence of the type normally produced by financial institutions, persons, or corporate entities as third parties or parties in litigation.

      Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Application is **GRANTED** as set forth below.

      1.      The Applicant has demonstrated grounds for relief under 28 U.S.C. § 1782.

      2.      Any discovery taken pursuant to this Order will be governed by the Federal Rules of Civil Procedure and the Local Rules of this Court.

      3.      The Applicant is authorized to conduct discovery including, but not limited to, issuing and serving subpoenas duces tecum in a form substantially similar to the form attached to the Application as Exhibit M on the Respondents. Along with the subpoenas, the Applicant shall serve Respondents with a copy of this Order.

4.    The Applicant's request to be appointed as the person with the power to administer any necessary oath and take testimony or a statement is granted.

5.    In accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court, the Respondents shall produce the requested documents to the Applicant within thirty (30) days of being served with a subpoena and a copy of this Order.

6.    In accordance with Federal Rule of Civil Procedure 5(d) and Local Rule 26.1(b), any evidence produced by the Respondents in response to the subpoena shall not be filed with this Court, absent leave of the Court.

7.    Respondents shall preserve documents, electronic and otherwise, and evidence in their possession, custody or control that contain information potentially relevant to the subject matter of the Foreign Proceeding as identified in the Application and the Declaration of Kenichi Machida until such time as the Applicant communicates to them that the preservation is no longer necessary or until further order of this Court. *See Telecton, Inc. v. Overhead Door Corp.*, 116 F.R.D. 107, 127 (S.D. Fla. 1987) (noting that a litigant has a duty to preserve what it knows, or reasonably should know, is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery, and/or is the subject of a pending discovery request).

8.    Upon service of the subpoenas, the Applicant shall file a Notice of Service with this Court.

9.    The Applicant is further authorized to issue and serve additional follow-up subpoenas on the Respondents or third parties as may be necessary to obtain the documentary and testimonial evidence for use in the foreign proceedings, as described in the Application.

3

10.     Nothing in this Order should be construed to prevent or otherwise foreclose the Applicant from seeking modification of this Order or leave of Court to serve any additional subpoena on a person or entity.  It is further

**ORDERED AND ADJUDGED** that this case is **CLOSED** for administrative purposes. The Applicant shall provide the Court with a report on the status of the discovery requests within sixty (60) days of the date of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of April, 2015.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

4

# EXHIBIT O

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Central District of California

In re Application of KENICHI MACHIDA
(AS TRUSTEE IN BANKRUPTCY OF SHINGI NISHIDA)

———————————————————————
Applicant

Civil Action No.

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   BANK

———————————————————————————————————————
*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A Attached.

| Place:   SHIELDS LAW OFFICES | Date and Time: |
|---|---|
| 1920 Main Street, Suite 1080, Irvine, CA 92614 | TBD |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   _____

CLERK OF COURT

OR

———————————————————————        ———————————————————————
*Signature of Clerk or Deputy Clerk*                            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
KENICHI MACHIDA _____ , who issues or requests this subpoena, are:

SHIELDS LAW OFFICES / Jeffrey W. Shields, 1920 Main Street, Suite 1080, Irvine, CA 92614

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)*                    .

    □ I served the subpoena by delivering a copy to the named person as follows:

_____ on *(date)* _____ ; or

    □ I returned the subpoena unexecuted because:                                      .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A TO SUBPOENA DUCES TECUM:
## DOCUMENT REQUEST

### I.    INSTRUCTIONS

a.    The Bank is to produce and to permit the Applicant or his representative to inspect, copy, test, or sample all responsive documents, things, information or electronically stored information in its possession, custody, or control.

b.    These discovery requests are not intended to be duplicative.   All requests should be responded to fully and to the extent not covered by other requests.   If there are documents that are responsive to more than one request, please note and produce each such document first in response to the request that is more specifically directed to the subject matter of the particular document.

c.    In the event that the Bank is able to provide only part of the document(s) called for in any particular Request, it is to provide all document(s) that it is able to provide and state the reason, if any, for the inability to provide the remainder.

d.    In the event that the Bank claims that any document requested is unavailable, lost, misplaced, or destroyed, state the following:

   i.    the date Bank believes such document became unavailable, lost, misplaced, or destroyed; and

   ii.    the reason why such document became misplaced, lost, or destroyed.

e.    The relevant period for all Requests is the period between February 1, 2009 and the date of this subpoena.

f.    The Bank is to produce a privilege log with respect to all documents, electronically stored information, things and oral communications withheld on the basis of a claim of privilege or work product protection, that identifies each item being withheld and the

5

nature and basis of the privilege claimed, signed by the attorney of record, that includes

giving the following information with respect to each document withheld:

   i.   The name and title of the author and/or sender and the name and title of the recipient;

   ii.  The date of the document's origination;

   iii. The name of each person or persons (other than stenographic or clerical assistants) participating in the preparation of the document);

   iv.  The name and position, if any, of each person to whom the contents of the documents have been communicated by copy, exhibition, reading or substantial summarization;

   v.   A statement of the specific basis on which privilege is claimed and whether or not or the contents of the document is limited to legal advice or information provided for the purpose of securing legal advice; and

   vi.  The identity and position, if any, of the person or persons supplying the attorney signing the list with the information requested in subparagraphs above.

g. If the Bank believes that any documents or electronically stored information

   responsive to these Requests are not reasonably accessible because of undue

   burden or costs, it shall identify such documents or information, as well as the

   location, drive, server other device or media on which it is stored, the form or

   format in which it is currently stored, and provide in detail the reason or reasons

   supporting its belief that the documents or information is not reasonably accessible.

h. The Bank is instructed to produce to the requesting party electronically stored

   information and non-electronically stored information responsive to these

   Requests electronically as text searchable image files (e.g., PDF or TIFF).   When a

   text-searchable image file is produced, the producing party must preserve the

   integrity of the underlying electronically stored information, i.e., the original

   formatting, the metadata (as noted below) and, where applicable, the revision

   history.   The Bank is further requested to produce responsive information as single

page TIFF images and associated multi-page text files containing extracted text or

OCR with Concordance and Opticon load files containing all requisite

information including relevant metadata.

i.      The Bank is advised of the provisions Fed.R.Civ.P. 45(d)(3):

>   (B) When Permitted.   To protect a person subject to or affected by a
>   subpoena, the court for the district where compliance is required may, on motion,
>   quash or modify the subpoena if it requires:
>
>   >   (i)     disclosing a trade secret or other confidential research,
>   >           development, or commercial information; or
>
>   >   (ii)    disclosing an unretained expert's opinion or information
>   >           that does not describe specific occurrences in dispute and
>   >           results from the expert's study that was not requested by a
>   >           party.

## II.     DEFINITIONS

a.      These definitions, instructions and Requests are intended to be understood broadly

and inclusively. Accordingly, the words "and" and "or" shall be construed conjunctively

or disjunctively, as necessary, in order to bring within the scope of the Request all

responses that might otherwise be construed to be outside its scope.   The term "any"

means "all" and vice versa.   The singular shall be construed to include the plural, and

vice versa. The phrase "relating to" "pertaining to" or "reflecting" means, without

limitation, related to, pertain to, reflect, constituting, discussing, covering, concerning, or

referring to, directly or indirectly in any way, the subject matter identified in a particular

request.

b.      "Document(s)" means all materials whether existing as printed materials or

electronically stored information within the full scope of Fed.R.Civ.P. 34 including but

not limited to: email and attachments, correspondence, memoranda, notes, diaries,

minutes, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, tags, labels, invoices, brochures, periodicals, telegrams, receipts, returns, summaries, pamphlets, books, interoffice and intraoffice communications, offers, notations of any sort of conversations, working papers, applications, permits, file wrappers, indices; all writings and recordings, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise.

c.  "Electronically stored information" and "ESI" means any information on operational systems including accounting, financial, distribution, or manufacturing systems; E-mail; Instant Messages (IM); Web pages; text messages; cell phone data; Excel spreadsheets and underlying formulae; metadata; computer databases (i.e., Access); erased, fragmented or damaged data; Blackberry data; and anything stored on computer or other electronic means located on or in, but not limited to cache memory; optical disks; magnetic tapes/back-up tapes; magnetic disks (hard drive, floppy disks, etc.); PDAs, Blackberries and Palm Pilots; cell phones; IM tools; or USB drives.

d.  "Communication" and "communications" means any and all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters correspondence, notes, telegrams, facsimiles, electronic mail (email), memoranda, documents, writings, or other forms of communications, including but not limited to both oral and written communications.

e.  "Relate(s) to," "related to" or "relating to" means to refer to, reflect, concern, pertain to or in any manner be connected with the matter discussed.

f.  "The Bank" shall mean "INSERT NAME OF BANK."

8

g.  "Nishida" shall mean "Shingi Nishida" or "Nobuyoshi Nishida."

h.  "Entity" or "Entities" means the following individuals and entities, and extends to any entities or individuals bearing a name of similar variation, as well as to any instance in which the Entity is reflected as having any relation to the matters set forth in the "Documents Requested":

- Shingi Nishida
- Nobuyoshi Nishida
- Toyo Valcom Ltd.
- Netjet Japan Limited
- Western Jet Corp.
- Tyrell Technodyne Ltd.
- Tomoko Fukuda
- Hiroyuki Ishida
- Glasser William Stephen
- Toshio Okada
- Toru Owada
- Yoshihiro Ishida
- Kunihiro Asada
- Tomoko Yamaguchi
- Koichi Uchida
- Kentaro Hishida
- Yuichiro Tamura
- William Glasser
- Toyo Diplomat
- Singy International
- Gilmore Trust Limited
- Beauty Salon Kei
- Oxnard Associates
- Glasser Stephen
- Sergio Longoni S.A.
- Almaganni
- Interior Almaganni
- Taymobile S.A.
- Euromark S.L.
- Weiman
- Solmet S.P.A.
- Solarmant
- Tyron Chemical

9

- Allied Centuries
- Platinus Import
- AC Transfer Services LLC

## III.  **DOCUMENT REQUESTS**

**REQUEST 1:**   Please produce all documents for all accounts bearing the signatory authority of any Entity, and/or bearing the account number _____, for the period February 1, 2009 through the present, including but not limited to the following documents as specified in Request Nos. 2 through 12.

**REQUEST 2:**   Please produce all documents pertaining to all open or closed checking, savings, NOW, Time, or other deposit or checking accounts in the name of, or under the signatory authority of any Entity and/or bearing the account number _____, for the period February 1, 2009 through the present, including but not limited to:

- a.  Signature cards
- b.  Corporate board authorization minutes or partnership resolutions
- c.  Bank statements
- d.  Canceled checks
- e.  Deposit tickets
- f.  Items deposited
- g.  Credit and debit memos
- h.  Form 1099, 1089, or back-up withholding documents

**REQUEST 3:**   Please produce all documents pertaining to open or closed bank loans or mortgage documents, reflecting loans made to or co-signed by any Entity for the period February 1, 2009 through the present, including but not limited to:

- a.  Loan applications
- b.  Corporate board authorization minutes or partnership resolutions
- c.  Loan ledger sheets

d. Documents (checks, debit memos, cash in tickets, wires in, etc.,) reflecting the means by which loan repayments were made

e. Documents (bank checks, credit memos, cash out tickets, wires out, etc.,) reflecting disbursement of the loan proceeds

f. Loan correspondence files, including but not limited to:

    i. Letters to the bank

    ii. Letters from the bank

    iii. Notes, memoranda, etc. to the file

g. Collateral agreements and documents

h. Credit reports

i. Financial statements

j. Notes or other instruments reflecting the obligation to pay

k. Real estate mortgages, chattel mortgages or other security instruments for loans

l. Forms 1099, 1089 or back-up withholding documents

m. Loan amortization statements

**REQUEST 4**:   Please produce all documents pertaining to Certificates of Deposit purchased or redeemed by any Entity, and/or related to account number _____, for the period February 1, 2009 through the present, including but not limited to:

a. Copies of the certificates

b. Corporate board authorization minutes or partnership resolutions

c. Documents (checks, debit memos, cash in tickets, wires in, etc.,) reflecting the means by which CDS were purchased

d. Documents (bank checks, credit memos, cash out tickets, wires out, etc.,) reflecting disbursement of the proceeds of any negotiated CDS

e. Records reflecting interest earned, withdrawn or reinvested

f. Records reflecting roll-overs

g. Forms 1099, 1089 or back-up withholding documents

**REQUEST 5**:   Please produce all documents pertaining to open or closed investment or security custodian accounts, IRA, Keogh or other retirement plans in the name of, or for the

benefit of, any Entity, and/or related to account number _____, for the period February 1, 2009 through the present, including but not limited to:

    a. Documents (checks, debit memos, cash in tickets, wires in, etc.,) reflecting the means by which the securities were purchased

    b. Documents (bank checks, credit memos, cash out tickets, wires out, etc.,) reflecting disbursement of the proceeds of any negotiated securities

    c. Confirmation slips

    d. Monthly statements

    e. Payment receipts

    f. Safekeeping records and logs

    g. Receipts for receipt or delivery of securities

    h. Forms 1099, 1089 or back-up withholding documents

**REQUEST 6:** Please produce customer correspondence files for any Entity, and/or related to account number _____, for the period February 1, 2009 through the present.

**REQUEST 7:** Please produce all documents pertaining to all Cashier's, Manager's, or Bank Checks, Traveler's Checks, and Money Orders purchased or negotiated by any Entity, and/or related to account number _____, for the period February 1, 2009 through the present, including but not limited to:

    a. Documents (checks, debit memos, cash in tickets, wires in, etc.,) reflecting the means by which the checks or money orders were purchased

    b. Documents (bank checks, credit memos, cash out tickets, wires out, etc.,) reflecting disbursements of the proceeds of any negotiated checks or money orders

    c. Applications for purchase of checks or money orders

    d. Retained copies of negotiated checks or money orders

**REQUEST 8:** Please produce all documents pertaining to wire transfers sent or received by any Entity, and/or related to account number _____, for the period February 1, 2009 through the present, including but not limited to:

    a.  Fed Wire, CHIPS, SWIFT, or other money transfer of message documents
    b.  Documents (checks, debit memos, cash in tickets, wires in, etc.,) reflecting the source of the funds wired out
    c.  Documents (bank checks, credit memos, cash out tickets, wires out, etc.,) reflecting the ultimate disposition within the bank of the funds wired in
    d.  Notes, memoranda or other writings pertaining to the sending or receipt of wire transfers

**REQUEST 9:**  Please produce all documents pertaining to current or expired safe deposit box

rentals by or under the signatory authority of any Entity, and/or related to account number

_____, for the period February 1, 2009 through the present, including but not limited to:

    a.  Contracts
    b.  Entry records

**REQUEST 10:**  Please produce all documents pertaining to open or closed bank credit cards in

the name of or under the signatory authority of any Entity, and/or related to account number

_____, for the period February 1, 2009 through the present, including but not limited to:

    a.  Applications for credit
    b.  Corporate board authorization minutes or partnership resolutions
    c.  Credit reports
    d.  Monthly statements
    e.  Financial statements
    f.  Documents (checks, debit memos, cash in tickets, wires in, etc.,) reflecting payments on the account
    g.  Correspondence files

**REQUEST 11:**  Please produce all Teller tapes reflecting all transactions between the Bank

and any Entity, and/or related to account number _____, for the period February 1, 2009

through the present.

**REQUEST 12:**  Please produce all CTRs (Forms 4789) and CMIRs (Form 4790) filed with the

Department of Treasury, Internal Revenue Service or the United States Customs Service by the

Bank for the period February 1, 2009 through the present concerning currency transactions

conducted by or on behalf of any Entity, and/or related to account number _____.

## TO THE RECORDS CUSTODIAN:

Although this Subpoena requires your attendance as scheduled, you may mail copies of all documents requested, at any time prior to the date on this Subpoena, in lieu of attendance. An Affidavit must be attached attesting that these copies are true and correct copies of ALL responsive documents.

You will be in compliance with this Subpoena if the documents, Affidavit of Records Custodian, and the bill for costs, are mailed to:

[          ]

## IF THE ESTIMATED CHARGE FOR COPYING THE RECORDS EXCEEDS $500.00, PLEASE CONTACT THIS OFFICE BEFORE PREPARING THE COPIES.

Copies MUST be received in this office no later than the date indicated in the Subpoena or you may be in contempt of Court.    If there is a delay for any reason, please e-mail [   ].

Thank you for your assistance in this matter.

## **AFFIDAVIT OF RECORDS CUSTODIAN**

STATE OF _____

COUNTY OF _____

BEFORE ME, the undersigned authority, personally appeared _____ _____, who, after being duly sworn, deposes and states the following information is true and correct according to his/her best knowledge and belief.

1.  I am over 18 years of age.

2.  It is my testimony that I am the Records Custodian for BANK ("Bank").

3.  Bank is a licensed financial institution which operates and maintains offices in the State of California.

4.  The attached documents, with bates stamps _____ through _____ are a full and complete copy of the records maintained by Bank responsive to the requests contained in Schedule A of the Subpoena Duces Tecum   issued by [      ] on October 23, 2015 to Bank.

5.  Each of the attached records was made at or near the time by or from information transmitted by someone with knowledge.

6.  Each of the attached records was kept in the course of a regularly conducted activity of the Bank and the making of such records was a regular practice of that activity.

FURTHER AFFIANT SAYETH NAUGHT.


_____
Records Custodian

SWORN TO AND SUBSCRIBED before me this __ day of _____, 2015.


Notary Seal:                              _____
                                          Notary Public

15

# EXHIBIT P

Jeffrey W. Shields, Bar No. 109920
Rick A. Varner, Bar No. 160403
M. Adam Tate, Bar No. 280017
SHIELDS LAW OFFICES
1920 Main Street, Suite 1080
Irvine, California 92614
(949) 724-7900; Fax (949) 724-7905
E-mail: jeff@shieldslawoffices.com

Attorneys For Applicant
Kenichi Machida

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Application of KENICHI MACHIDA (AS TRUSTEE IN BANKRUPTCY OF SHINGI NISHIDA),<br><br>Applicant. | Case No. _____<br><br>[Proposed]<br>ORDER GRANTING EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FOR USE IN A FOREIGN PROCEEDING |

WHEREAS, this matter is before the Court upon the "Ex Parte Application for an Order Pursuant to 28 U.S.C. § 1782 to Obtain Discovery for Use in a Foreign Proceeding" (the "Application"), and Rules 26 and 34 of the Federal Rules of Civil Procedure filed by KENICHI MACHIDA (the "Applicant"); and

WHEREAS, the Court has reviewed the Application, including the supporting "Declaration of Kenichi Machida" ("Machida Decl.") and the Exhibits attached thereto, and the relevant case law, and being otherwise fully advised in the matter;

NOW, THEREFORE, the Court finds as follows:

A.    Applicant has met the requirements under 28 U.S.C. § 1782 for granting the requested judicial assistance and relief;

25640

B.     For purposes of the instant Application, the following financial institutions, persons, and corporate entities reside or are found in the Central District of California: Union Bank of California, First Republic Bank, JP Morgan Chase Bank, N.A., Comerica Bank, U.S. Bank, Wells Fargo Bank, Bank of America, N.A., and National Bank of California (collectively, the "Banks");

C.     The documentary and testimonial discovery sought through this Application is for use in a foreign bankruptcy proceeding, Case No. 134 of 2014, currently pending in the 20th Civil Division of the Tokyo District Court in Japan in respect of debtor Shingi Nishida, also known as Nobuyoshi Nishida ("Nishida") (the "Foreign Proceeding");

D.     The Applicant, in his capacity as the Bankruptcy Trustee in the Foreign Proceeding, is an interested person within the meaning of the statute;

E.     The discretionary factors, as described by the United States Supreme Court in Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247 (2004), weigh in favor of granting the requested assistance; and

F.     More particularly: (1) the Banks are not parties in the Foreign Proceeding in Japan; (2) there is no indication that the Japanese courts would not be receptive to U.S. federal-court judicial assistance as requested in the Application; (3) the Application does not conceal an attempt to circumvent foreign proof-gathering restrictions; and (4) the Application seeks discovery that is not unduly intrusive or burdensome as the Application requests evidence of the type normally produced by financial institutions, persons, or corporate entities as third

25640                                           2

1  parties or parties in litigation.

2      NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND
3  DECREED that the Application is GRANTED as set forth below:

4      1.    Any discovery taken pursuant to this Order will be
5  governed by the Federal Rules of Civil Procedure and the Local
6  Rules of this Court;

7      2.    The Applicant is authorized to conduct discovery in
8  this Judicial District, including, but not limited to, issuing and
9  serving subpoenas on the Banks to obtain documents and/or to take
10  deposition testimony, including without limitation, subpoenas duces
11  tecum in a form substantially similar to the form attached to the
12  Machida Decl. as Exhibit O;

13      3.    Any licensed California court reporter is hereby
14  appointed as a person with the power to administer any necessary
15  oath and to duly take and record deposition testimony or a
16  statement;

17      4.    Along with any subpoenas, Applicant shall also serve
18  the Banks with a copy of this Order;

19      5.    In accordance with the Federal Rules of Civil
20  Procedure and the Local Rules of this Court, the Banks shall
21  produce the requested documents to the Applicant within thirty (30)
22  days of being served with a subpoena and a copy of this Order;

23      6.    The Banks shall preserve documents and evidence,
24  electronic and otherwise, in their possession, custody or control
25  that contain information potentially relevant to the subject matter
26  of the Foreign Proceeding as identified in the Application and the
27  Machida Decl. until such time as Applicant communicates to them
28  that such preservation is no longer necessary or until further

1  order of this Court (*see, e.g.,* Telecton, Inc. v. Overhead Door
2  Corp., 116 F.R.D. 107, 127 (S.D. Fla. 1987) [noting the duty to
3  preserve what one knows, or reasonably should know, is relevant in
4  the action, is reasonably calculated to lead to the discovery of
5  admissible evidence, is reasonably likely to be requested during
6  discovery, and/or is the subject of a pending discovery request];

7       7.   Upon service of any subpoenas, Applicant shall file
8  a notice of service with this Court;

9       8.   However, in accordance with Federal Rule of Civil
10  Procedure 5(d) and Local Rule 26.1(b), any evidence produced by the
11  Banks in response to any subpoena shall not be filed with this
12  Court, absent leave of the Court;

13       9.   Applicant is further authorized to issue and serve
14  additional follow-up subpoenas on the Banks as may be necessary to
15  obtain documentary and testimonial evidence for use in the Foreign
16  Proceeding; and

17       10.  Nothing in this Order shall be construed to prevent
18  or otherwise foreclose Applicant from seeking modification of this
19  Order or leave of Court to serve any further subpoenas on any
20  additional person or entity.

21
22  DATED: _____        _____
23                                JUDGE OF THE UNITED STATES
                                  DISTRICT COURT
24
25
26
27
28

25640                              4